# HALL v. HRABROWSKI.

1. Where a plaintiff who had obtained judgment below, sued out a writ of error to this court to reverse it, and whilst the cause was pending here, sued out execution upon his judgment, and collected the money, and the fact not being brought to the notice of this court, until after its judgment had been pronounced, reversing and remanding the cause, an order was made, directing that the certificate of this court should not issue, until the debt, interest, and costs below were refunded to the defendant.

MOTION by the defendant, for a stay of proceedings upon the writ of error, upon the grounds, that the plaintiff had co-erced payment of the judgment below, by execution, after he had sued out his writ of error—which being supported by the affidavit of the sheriff, a rule *nisi* was ordered to issue. The plaintiff failed to appear and answer, and a motion was then made, by T. WILLIAMS, for the defendant in error, that the rule be made absolute.

ORMOND, J.—In this case, the plaintiff below obtained a judgment, with which he was not satisfied, and sued a writ of error therefrom to this court, and upon a hearing in this court, the judgment was reversed. After the judgment was pronounced, the defendant in error moved to stay all proceed-ings upon the judgment, upon the ground that whilst the cause was pending here, the plaintiff sued out an execution upon his judgment, and caused the amount to be made by execution. These facts are shown by affidavit, and no an-swer being made to the rule *nisi*, the presumption arises that the facts are true. Upon this state of facts, if the motion had been made before judgment was rendered in this court, we would have directed a stay of all proceedings, until the mo-ney was returned to the defendant, it being obviously unjust that the plaintiff should collect the amount of his judgment, which he is complaining of as erroneous, and in which he may, upon another trial, entirely fail to recover any thing. The judgment having been reversed before this motion was made, the only remedy we can now afford the defendant, is,

to direct that the certificate of this court shall not issue, until° the debt, interest, and costs of the judgment below, are refunded to the defendant.

All courts are in the habit of restraining the action of suitors before them, when their acts are oppressive, or vexatious. Thus where a writ of error is sued out, and bail in error given, so as to supersede execution, if the plaintiff in error sues out, as he may, *scire facias* on the judgment, or brings a new action on the judgment, the appellate court will direct a stay upon all proceedings upon terms, until the suit upon the writ of error is determined, unless the writ of error is obviously prosecuted for delay merely. [Tidd's Practice, 470.] This case is entirely analagous to the present. It is certainly both vexatious and oppressive in the plaintiff, to prosecute a suit here, to reverse a judgment, the correctness of which he impliedly affirms, by coercing payment from the defendant under it. We will therefore refuse our aid, until he places the opposite party in *statu quo*, by refunding all the money he has exacted from him by his execution.

Rule made absolute.