## KNOX'S DISTRIBUTEES *vs.* STEELE, Adm'r.

1. Where a plaintiff has sued out execution and coerced payment of the whole, or a part of the judgment, he will not be heard in this court to assign errors in the judgment, unless the money so collected has been first refunded.
2. There is no rule of practice which will allow one plaintiff to assign error against his co-plaintiff.
3. Writs of error, if defective, may be amended by the record, but cannot be so altered as to strike out the name of one as plaintiff and make him a defendant, unless the record shows that he was improperly made a plaintiff, when he should have been a defendant.
4. All that a plaintiff, who wishes to assign errors, can do, when his co-plaintiff refuses to join, is to sever and assign errors alone.

Error to the Orphans' Court of Sumter.

J. B. Clark, for the plaintiffs in error.

Reavis, for the defendant.

DARGAN, C. J.—Upon the death of John Knox, letters of administration were granted to Eleanor Knox, his widow, and to Hiram Steele, who gave a joint bond for the faithful performance of their duty as such. The widow afterwards intermarried with Joel Heard, who thereby became administrator in right of his wife. The administrators, being subsequently cited to make a final settlement of the estate, appeared in obedience to the citation, and filed an account current in the name of John Steele, Joel Heard, and Eleanor, his wife; but on the final settlement, Joel Heard and Wife disclaimed all participation in the administration of the estate, and it being admitted by Steele that he alone had acted in the administration, with his consent, the names of Joel Heard and Wife were stricken from the account and the settlement proceeded against Steele alone. He was found indebted to the estate in a sum over nine thousand dollars, which was divided into three parts, there being three distributees at the death of the intestate, to wit, his widow and two infant children, and a decree for the separate portion of each was rendered against Steele—the decree for the separate portion of the widow being rendered in favor of herself and Joel Heard, her present husband.

From this decree a writ of error is prosecuted to this court in the names of all the distributees, but Joel Heard and Wife, being satisfied with the decree, refuse to assign errors. The other distributees now move the court that they be permitted to assign errors, not only against Hiram Steele, but also against Joel Heard and Wife, their co-plaintiffs in error, and for this purpose ask that a *scire facias* to hear errors be issued to Heard and Wife; and in the event this motion be not granted, they then ask to amend the writ of error, so as to make Heard and Wife defendants in error. The defendant has also moved that the writ of error be dismissed, unless the plaintiffs will refund the portion of the decree, that has been collected by execution since the rendition of the decree, and in support of this motion has submitted an affidavit, showing that more than three thousand dollars has been collected by a sale of the defendant's property under the execution.

We will first advert to the motion of the defendant in error.

In the case of Hall v. Hrabowski, 9 Ala. 278, the facts were that the plaintiff obtained judgment in the court below, which he

brought to this court by writ of error, and whilst the writ was here pending, an execution was issued on the judgment and the money collected. The court held that the proceedings must be stayed in this court, unless the plaintiff in error would refund the money collected to the defendant. So in the case of Bradford v. Bush, 10 Ala. 274, it was said that a party, who had collected the money on a judgment, should not be permitted to prosecute a writ of error to reverse it until the money was refunded.

It is true, that the exercise of this power is a matter of legal discretion, and will not be exercised by this court in every case where the money upon a judgment or decree has been paid; if the defendant has voluntarily paid the judgment or decree, without being coerced by execution, and we are satisfied that the plaintiff will be entitled to recover this amount upon another trial, we would not refuse to hear the errors because of this voluntary payment.—The Distributees of McCreless v. Hinkle, adm'r, 17 Ala. 459. But when the plaintiff sues out his execution and collects the amount of the judgment or decree, or a part thereof, thus affirming the regularity of the judgment or decree by carrying it into execution, he ought not to be allowed to assign errors until the defendant is placed *in statu quo.*

A different practice from this might often lead to much litigation, without producing any beneficial results. Thus, a trial of the right of property may be pending in the court below, or any other question, growing out of the issuance of execution; these questions may have been decided by the court and a writ of error brought on the judgment to this court, but the reversal of the original judgment would render them null and void. Other diffiulties in permitting such a practice might be suggested, but we think it sufficient to say that we consider the rule settled by the cases refered to, of Hall vs. Hrabowski, and Bush and Bradford, that where the plaintiff has sued out out an execution and collected all or a portion of the judgment or decree, we will not hear the errors assigned by him on the judgment until the money collected by execution is refunded.

The facts set forth in the affidavit are not controverted. They are therefore admitted to be true, and we must require the plaintiffs in error, who wish to assign error, to refund the amount they have received on their respective decrees, before they can

be allowed to proceed. But we will not dismiss the writ of error at this term. If they shall refund to Steele the amount they have received on their respective decrees by the next term of this court, the errors assigned, or which may be assigned, will then be heard, but if they fail to refund the money, the writ of error will be dismissed.

In reference to the motion of some of the plaintiffs in error, we think it sufficient to say, that there is no rule of practice that will permit one plaintiff in error to assign errors against his co-plaintiff, and thus to reverse the judgment or decree rendered against the defendant in error. It cannot be done; consequently a *scire facias* to Heard and Wife to hear errors would be unavailing and cannot be granted.

Nor can we allow an amendment, or rather an alteration of the writ of error, so as to strike the names of Heard and Wife out of the writ as plaintiffs and make them defendants in error. The statute does not go so far. Writs of error may be amended by the record if the writ be defective, but in the case before us, the writ of error is not defective, and we cannot strike the name of one out of the writ as plaintiff and make him defendant in error, unless it appeared that he was improperly made a plaintiff in error, when the record showed that he should have been a defendant. This record does not show this to be the case. A decree was rendered in favor of all the plaintiffs in error, and they all joined in the writ of error. All that the plaintiffs, who desire to assign errors, can do, is to summon and sever from Heard and Wife, and to assign errors alone; but we apprehend that the errors assigned would necessarily produce the same result, as if Heard and Wife were defendants in error and the errors were assigned against them as well as against Steele.