## RIDDLE ET AL. *vs.* HANNA ET AL.

1. When an appeal is taken by "the solicitor of the complainants," some of whom were infants suing by their next friend, the appeal is not valid so far as the infants are concerned ; but as to the adult complainants, the authority of their solicitor will be presumed.

2. A bond for security for the costs of an appeal is not necessary : a simple acknowledgment in writing is sufficient, unless the appeal is intended to operate as a *supersedeas*.

3. An appellant who has enforced and received satisfaction of the decree,

will not be allowed to assign errors, until he has done what is necessary to place the appellee in *statu quo*.

APPEAL from the Chancery Court of Benton.

Heard before the Hon. JAMES B. CLARK.

MOTION to dismiss the appeal, 1st, because it appears to have been taken by "the solicitors of the complainants," and not by the latter in their own proper persons ; 2d, because no bond was given to secure the costs of the appeal ; 3d, because a next friend for the infant complainants is not made a party to the appeal, nor is his name mentioned ; and, 4th, because the adult complainants have enforced and received satisfaction of the decree.

J. B. MARTIN, for the motion.

WHITE & PARSONS, *contra*.

GOLDTHWAITE, J.—The record shows that some of the complainants in whose favor the decree was rendered were infants, and it also shows that the appeal was taken by " the solicitor of the complainants." It is true, that it appears the suit was prosecuted, so far as the minors were concerned, by their next friend ; but that does not make him a party complainant : he is placed upon the record in order that the court may have some one before it, who is responsible for the conduct of the case and the costs. An infant cannot act by attorney in taking an appeal, which is in the nature of a new action, any more than in other legal proceedings.—Bradford v. Weeks, 1 Johns. Ch. 325. So far as they are concerned, the case stands here as if no appeal had been taken.

As to the appellants who are of full age, the certificate of the register is, in substance, that they came by their solicitor and applied for an appeal ; and we will presume authority in their attorneys to act, precisely as we do in other legal proceedings. If there was no authority, the Code has made provision for the case in that aspect by sections 744 and 746.

In relation to security for costs, no bond is necessary. This is not the practice in cases in the Circuit Court where suits are commenced by non-residents. A simple acknowledgment in writing is all that is necessary, where the appeal is not intended to act as a *supersedeas*.

The dismissal of the appeal has been pressed upon us, on the ground that some of the appellants have received satisfaction of the decree. The rule established in Knox v. Steele, 18 Ala. 815, is, that when that is the case, the parties who have received satisfaction will not be allowed to assign errors until they have done what is necessary to place the other party in *statu quo*.

As the record shows that the decree was enforced on the petition of all the appellants who are of full age, and as they have received satisfaction, and as the appeal under the circumstances must be regarded as taken by them alone, before they can be permitted to proceed in this court, they must refund the money received by them; and if this be not done by the next term of the court, the appeal will be dismissed.