# May v. Sharp.

*Action on Common Counts.*

1. *Coercing or accepting satisfaction of judgment pending appeal.* — An appeal will not be dismissed, on the ground that the appellant has coerced or accepted satisfaction of the judgment from which he appeals, when the evidence shows that the execution was not issued under his instructions, that he refused to receive the money from the sheriff when informed of its collection, and instructed him to return it to the defendant.

2. *Presumptions as to pleadings.* — When the record shows that the case was tried on issue joined, but does not show what pleas were filed, the appellate court will presume that only the general issue was pleaded, and will not consider any defences but such as might properly have been made under that plea.

3. *Bailment of note on third person, by debtor to creditor; plea of general issue.* — If a debtor places in the hands of his creditor a note on a third person, which the creditor agrees to collect and apply to the satisfaction of his debt, but fails to do so, he is bound to show that he used due diligence to collect the note, and is responsible to the debtor, in a special action on the case, for any actual damages caused by his want of due diligence; but this would constitute no defence, under the plea of the general issue, to an action on the original debt.

APPEAL from the City Court of Montgomery.
Tried before the Hon. JOHN D. CUNNINGHAM.

WINTER & WINTER, for appellant.

FITZPATRICK & WILLIAMSON, *contra*.

[May v. Sharp.]

PECK, C. J. — This case was submitted at the last term, first, on a motion to dismiss the appeal; and if that motion should be overruled, then it was submitted on the errors assigned. The ground of the motion to dismiss the appeal is, that the clerk had issued an execution on the judgment recovered by the appellant, plaintiff below, and before the appeal was taken the appellee had paid the money to the sheriff, in satisfaction of said judgment and execution. But it appears that said execution was not issued at the request of the plaintiff; and when plaintiff's attorney was informed that said execution had been issued, and the money paid, he refused to receive the money of the sheriff, and instructed the sheriff to return the money to the defendant. The sheriff accordingly offered to return the money to the defendant, which he refused to receive, and the execution was thereupon returned satisfied, by the direction of the defendant's attorney, and the money remains in the hands of the sheriff, subject to the order of the defendant. It is regarded by this court as vexatious and oppressive in a plaintiff to prosecute an appeal to reverse a judgment, the correctness of which is impliedly admitted by coercing its collection of the defendants; and, in such a case, we will refuse to hear the appeal, unless the plaintiff places the defendant in *statu quo* by restoring the money. *Hall* v. *Hrabrowski*, 9 Ala. 278; *Knox* v. *Steele*, 18 Ala. 815; *Riddle* v. *Hanna*, 25 Ala. 484; *Bradford* v. *Bush*, 10 Ala. 274. The appellant has done all that ought to be required in this case, by instructing the sheriff to return the money. The motion to dismiss is therefore overruled.

2. The appellant sued the appellee in the City Court of Montgomery, to recover the sum of five hundred dollars, alleged to be due by account on the first day of March, 1861. The complaint consists of the usual money counts, and on an account stated, on the first day of March, 1861. The suit was commenced on the 28th day of January, 1870, and was tried at the January Term of said court, 1872. No pleas seem to have been filed, at least none appear in the record. The cause was tried by a jury, and the minute-entry states that the jury were sworn to try the issue joined, &c. In such a case this court will presume the trial was had on the plea of the general issue, and the cause will here be disposed of as though that plea appeared in the record; and no defences will be considered but such as might properly have been made under that plea. No other pleas will be presumed to have been filed. We shall therefore dispose of this case as though the record disclosed that the parties went to trial on the plea of *non assumpsit*. Under that plea the defendant might have introduced any evidence that tended to show a payment or satisfaction of the plaintiff's demand.

3. The plaintiff was examined, and swore that one hundred and twenty-three dollars of his account was correct. The de-. fendant was then examined, and proved that he had placed in the plaintiff's hands a note on one Carraway, for a larger sum than the plaintiff's demand, which the plaintiff agreed to collect and pay off his account; and that plaintiff kept said note for several years, without any notice to defendant that said note had not been collected, and without, in the mean time, demanding payment of his said account. On this evidence, the jury might have reasonably presumed that said note had been collected, and the defendant's debt thereby discharged. But as the further evidence in the case showed that the said note had not in fact been paid, no such presumption could be made. In such a case, it would be clearly the duty of the plaintiff to show that he had used due diligence to collect the note ; and if the defendant was injured, by any want of due diligence on the part of the plaintiff, he, the plaintiff, would be responsible to the defendant for any actual damages sustained by him, by reason of the plaintiff's negligence ; but such damages could not be made a defence to the plaintiff's recovery on his account. The remedy of the defendant for such injury would be by a special action on the case. For these reasons the charges given by the court, on the defendant's request, were inappropriate and inapplicable to the issue on which the trial was had, and should have been refused on the plaintiff's objections.

There was no error in refusing the charges asked by the plaintiff. They were abstract, as all the evidence as to the solvency or insolvency of the said Carraway was excluded from the jury, on the plaintiff's motion.

For the errors in giving the charges asked by the defendant, and objected to by the plaintiff, the judgment is reversed, and the cause is remanded, with leave to the defendant to file such pleas as he may be advised are necessary to present any legal defence or defences to the plaintiff's action, and the appellee will pay the cost, &c.