# Morton's Administrators *v.* Underwood *et al.*

*Bill in Equity to enforce Vendor's Lien for Unpaid Purchase Money of Land, sold by Administrator under Probate Decree.*

1. *Coercing satisfaction of decree appealed from.* — If the plaintiff in a chancery cause appeals from a decree in his own favor, and coerces satisfaction of the decree pending the appeal, the defendant may have the appeal dismissed unless restitution is made; but, subject to this right on the part of the defendant, the pendency of the appeal does not suspend proceedings on the decree.

2. *Purchase at judicial sale pending appeal from decree.* — If a defendant suffers his land to be sold under a judgment or decree which is afterwards reversed on error or appeal, the sale must stand, and the purchaser be protected, notwithstanding the reversal; but where the appeal is sued out by the plaintiff in the judgment or decree, and a sale under the decree is made pending the appeal, the purchaser is chargeable with notice of the pending proceedings, and the sale is liable to be set aside, after the reversal of the decree, on account of the inadequacy of price, and the want of notice to the defendant.[1]

APPEAL from the Chancery Court of Autauga.
Heard before the Hon. CHARLES TURNER.

---

[1] The reporter does not understand the opinion in this case as it seems to have been understood by the judge who delivered it, and whose head-notes of the case, which were annexed to the opinion, are hereunto subjoined: —

"1. An appeal to the Supreme Court suspends the judgment or decree appealed from, subject only to the modifications, that the appellant, whether plaintiff or defendant, must, in all cases, give security for the costs; and if he has to pay money, or to perform any other act, he must give such a bond, or obligation, as is required by Ord. 35 (Conv. 1867), or by R. C. § 3489, or § 3490.

"2. A sale of land by the register, under a decree upon a bill to subject the land

This is the same case which is reported in 44th Ala. 686–90, under the name of *Wood et al., administrators*, v. *Sullens et al.* The bill was filed by Philip A. Wood and John A. Wood, as administrators *de bonis non* of the estate of Richard Morton (not *Martin*, as the name appears in the former report), deceased, against James A. Sullens and Reuben Underwood. Its object was to subject certain lands, which had been sold by the administrator in chief of said Richard Morton's estate under a decree of the Probate Court of Autauga County, and purchased at the sale by said Sullens and Underwood jointly, to the satisfaction of the unpaid balance of the purchase money. After the sale, Sullens and Underwood divided the land between them by agreement, and each gave his notes for the purchase money of his portion of the land. At the first hearing (Hon. J. Q. LOOMIS, chancellor, presiding), the bill was dismissed as to Underwood, who had paid his notes in full; and a decree was rendered against Sullens, ordering a sale of the lands which had been allotted to him on the division, unless the balance of the purchase money was paid within a specified time. The complainants appealed from this decree, insisting that all the lands were bound for the unpaid balance of the purchase money; and the decree was reversed in their favor, on this point, at the June Term of this court, 1870. Pending that appeal, the register sold the land of Sullens under the decree appealed from,— Philip A. Wood, one of the complainants, becoming the purchaser; and the sale was confirmed at the next ensuing term of the court. At a subsequent term, after the reversal of the decree by this court, the chancellor set aside the sale, and ordered a resale, on the application of the defendant Underwood; directing the land of Sullens to be first sold, and that of said Underwood to satisfy any unpaid balance of the purchase money. From this decree the complainants appeal, and here assign the same as error.

ELMORE & GUNTER, and WM. H. NORTHINGTON, for appellants.

to the payment of its purchase money, pending an appeal by the complainant, is subject to be set aside, on the application of the defendant, after the reversal of the decree, on the grounds of the pendency of the appeal and the inadequacy of the price, notwithstanding the application had been made to a term subsequent to the confirmation of the sale, but before the final hearing after the reversal.

"3. The purchaser at such sale cannot acquire any rights *in invitum*, against the parties to the suit, on the grounds of want of notice or a valid decree authorizing or confirming the sale.

"4. Where the purchasers of lands sold in a body at an administrator's sale have divided the land between them, and some of them have paid their shares of the purchase money, it is just and proper that the chancery court, in subjecting all of the land to the payment of the balance due, should order those parcels not paid for to be sold first, unless manifest injury would thereby result to the creditor."

[Morton's Administrators *v.* Underwood.]

WATTS & TROY, *contra.*

B. F. SAFFOLD, J. — The appellants, as administrators of the estate of Richard Morton, filed the bill to subject the land of their decedent, which had been sold under an order of the Probate Court, to the payment of the purchase money. The appellees were made defendants, as the purchasers. The bill was dismissed as to the defendant Underwood, on the ground that he, having given separate notes to the administrator, for the portion bought by him, had paid them ; but the part belonging to the defendant Sullens was decreed to be sold. From this decree, as a whole, the complainants appealed, giving security for the costs. Their point of objection was, that the land in the possession of Underwood was as much liable to their demand as the other portion. While this appeal was pending in the Supreme Court, the register executed the decree against the land of Sullens. It does not appear that any formal notice of his intention to do so was given to the defendants, or that they had any other notice of the sale than may be presumed from their being parties to the suit, and the general notoriety which such a proceeding would acquire. The appellant, Philip A. Wood, purchased the land for himself at the sale by the register, and the sale was confirmed at the ensuing term of the court. At a subsequent term, the defendant Underwood petitioned the court to set aside the sale, on the grounds of the pendency of the appeal at the time, and the inadequacy of the price. When this petition was filed, the cause in the Supreme Court had been determined by the reversal of the decree. The chancellor set aside the sale, ordering restitution of whatever purchase money had been paid, and decreed a sale of all the land, directing that of Sullens to be sold first, in compliance with the request of the defendants and the decree and suggestion of the Supreme Court. From the action of the court in setting aside the sale, and decreeing a sale, the complainants again appeal.

It may be safely assumed that the complication of this case, since the first appeal, is due solely to the uncertainty attending the effect of an appeal. The statute declares, very broadly, that the appeal does not operate as a *supersedeas* of the judgment, unless bond be given in a required amount by the appellant to prosecute the appeal to effect, and to satisfy such judgment as the Supreme Court may render in the premises. R. C. § 3489. Or, when the decree is for the performance of any other act than the payment of money, the chancellor or register must direct the amount and the condition of the appeal bond. R. C. § 3490. No appeal can be taken without at least giving security for costs. R. C. § 3509. These statutes, while they

very clearly point out what the defendant must do to obtain a suspension of a judgment or decree against him for the payment of money, or the performance of some other act, do not touch the question of the suspending power of the appeal, when taken by the plaintiff, who merely does not get what he sued for. It is regarded as so unjust for a plaintiff to enforce a decree from which he has himself appealed, that, even after a reversal, this court will detain the certificate until he has made restitution, except where it is impossible for him to recover less than he had done. *Bradford* v. *Bush,* 10 Ala. 274; *Knox* v. *Steele,* 18 Ala. 815; *Riddle* v. *Hanna,* 25 Ala. 484; *Tarleton* v. *Goldthwaite,* 23 Ala. 346. The exception stated must, of course, be taken with the qualification, that the appellee defendant is not injured.

The law is plain enough, and just, that if a defendant suffers a judgment against him to be executed by a sale of his property, when he might have suspended it by giving a proper appeal bond, the sale must stand, and the purchaser be protected, though the judgment or decree be reversed. *Whiting et al.* v. *The Bank of United States,* 13 Peters, 6. But what are his rights, when the plaintiff appeals on an obligation for costs merely, and proceeds at the same time to enforce the judgment? We have seen, that he may cause the appeal to be dismissed, if he has an opportunity to do so. No doubt he may restrain him otherwise. But the appellant can dismiss his appeal, and must the defendant be subjected to his oppressive or capricious action?

Generally, the writ of error, or the appeal, which has taken its place with us, suspends all further proceedings on behalf of the defendant in error, and, after service of notice, subjects him and his attorney to a contempt, if he should afterwards attempt to proceed on the judgment. The bail or bond required of the plaintiff in error is conditioned, according to circumstances, for the payment of damages and costs, or *debt,* damages, and costs, if the appeal be not prosecuted with effect, or if the judgment be affirmed. 2 Chit. Gen. Prac. 600. A writ of error being allowed, it shall be a *supersedeas* of any subsequent execution, bail being given when bail is required. Comyn's Dig. *Pleader,* 3 B. 12. In *Kempland* v. *MaCauley* (4 Durn. & East, 436), Lord Kenyon said: "In general, the rule is, that a writ of error, allowed and served, operates as a *supersedeas* to an execution, and the court will stay the proceedings of course." But he would not stay the execution of the defendant, for costs founded on a judgment of nonsuit, because, as the stay of proceedings was on the supposition that the party may have some error to complain of in the judgment, the plaintiff, by suffering a nonsuit; could never

have a judgment afterwards in his favor. In *Somerville* v. *White* (5 East, 145), an execution was set aside, and the money which had been collected under it returned for irregularity, because the execution had been sued out pending a writ of error, and after notice of the allowance. It follows from the above authorities, that, besides security for costs, the suspending power of an appeal is restrained only by the amount of the bond to be given by the appellant, when the judgment requires him to pay money or to perform some other act.

As the decree under which the register made the sale was suspended at the time by the appeal of the complainants, and was afterwards reversed and annulled, what virtue must be given to the sale? The litigation being *in fieri*, the purchaser must be held to a knowledge of the condition of the case, whether he was a party to the suit or not. *Bolling* v. *Carter & Womack*, 9 Ala. 921. The suspension of the decree, and its subsequent reversal, the clearly proved inadequacy of price, and the want of notice to the defendants of the sale and its confirmation, make out the strongest possible case for setting aside the sale. The appellee Underwood is especially interested to have it done, because he is to pay whatever deficiency remains after the sale of Sullens's land. *Mobile Br. Bank* v. *Hunt*, 8 Ala. 876.

The decree of the chancellor, in setting aside the sale made by the register, is correct. The further decree, in respect to the sale of the property, is in conformity with the former decision of this court in the same case. *Wood* v. *Sullens*, 44 Ala. 686. The decree is affirmed.