# Chapman *v.* Lee's Administrator.

### *Motion to dismiss Appeal.*

*Coercing satisfaction of judgment pending appeal.* — When the plaintiff sues out an appeal from a judgment in his own favor, and afterwards coerces satisfaction of the judgment, his appeal will be dismissed on motion ; but it is not a sufficient ground for a dismissal of the appeal, that payment of the judgment has been enforced by execution, when it is shown to the court, by proper affidavits, that the execution was issued *without instructions from either the plaintiff or his attorney,* and without their knowledge, and that the plaintiff has refused to receive the money from the clerk.

APPEAL from the Ciircuit Court of Sumter.

Tried before the Hon. L. R. SMITH.

Motion to dismiss the appeal, on the facts stated in the opinion of the court, which were shown by affidavits for and against the motion.

A. W. COCKRILL, for the motion.

SMITH & COBBS, contra.

PETERS, C. J. — This is a motion to dismiss this appeal, because, since the appeal was taken, the appellant has *suffered* execution to be issued on his judgment, and the same to be satisfied in full. The record shows that the judgment from which the appeal is taken was rendered in the circuit court of Sumter county, on April 14, 1874; that execution was issued thereon, on the 25th day of the same month thereafter, and delivered to the sheriff on the 30th day of April in the same year; and that this execution was levied by the sheriff on certain property of the defendant's testatrix, on the day it was received by the sheriff, and satisfied in full on May 2, 1874. The record further shows that the appellant applied for an appeal on April 25, 1874, and gave security for costs of appeal, which was approved on the 29th day of same month; and on the same day last said, citation in error was issued, and served on the attorney of the opposite party, as required by law. Rev. Code, § 3488. It appears, also, that $172.50 was paid into court, on a plea of tender, on the 13th day of April, 1874. But it does not appear that the appellant has received, or sought to receive, or claim, any portion of the money paid into court as above said, or any part of the sum paid in satisfaction of said judgment on said execution. And appellant files in this court an affidavit of his attorney in the court below, from which it appears that said execution was issued by the clerk of said circuit court, "against the wishes, desire, or knowledge of appellant, or of his attorneys; that neither the appellant nor his attorneys gave any instructions to the clerk to issue said execution, or to coerce (the collection of) said amount; that when informed of the payment of said judgment, from which an appeal had been taken, appellant and his counsel refused to receive the same, and that the amount alleged to have been coerced by said judgment is, affiant believes, still in the hands of the clerk of said circuit court of Sumter county; that neither the plaintiff below, nor his counsel, knew of the issuance of the execution, or its levy or payment, nor agreed to the same, nor has received any benefit therefrom."

This appeal was applied for, on the day the execution was

issued; and the security for the costs of the appeal was given and approved before the execution was delivered to the sheriff; and the appellee had proper notice of the appeal, before the judgment was paid by a satisfaction of the execution. The appeal and the security for costs suspended the judgment. *Wood* v. *Underwood*, at June term, 1873. And after the appeal, this court would have compelled the appellant to desist from its execution, by a dismissal of the appeal, had the defendant below been unwilling to deposit in the hands of the sheriff the amount of money necessary for its satisfaction. The facts do not show that there was any improper coercion used by the appellant to collect the judgment below, or that he desired it paid. It cannot, then, be said that the appellant has impliedly affirmed the judgment, by collecting it, and appropriating the proceeds. He has expressly refused to do this. It is upon the principle of an implied affirmance that this court has heretofore interfered to prevent such an oppression. *Hall* v. *Hrabrowski*, 9 Ala. 278; *Knox* v. *Steele*, 18 Ala. 815; *Riddle* v. *Hanna*, 25 Ala. 484; *Murphy's Heirs* v. *Murphy's Adm'r*, 45 Ala. 123. It does not appear that the appellant has been in fault, or that he is attempting to avail himself of the payment that has been made without his wish or procurement. When this is shown, it will be quite time to ask the interference now invoked. 9 Ala. 278.

The motion to dismiss the appeal is overruled, with costs.

BRICKELL, J., not sitting.