# Shingler *v.* Martin *et al.*

## *Motion to Dismiss Appeal.*

1. *Appeal; when dismissed.*—It is the settled practice of this court, that a party who coerces or receives payment of a judgment in his favor, can not maintain an appeal from it, save in a few exceptional cases in the probate and chancery courts.

2. *Same; when receipt of costs operates coercing or satisfaction of judgment.*— Plaintiff in an action at law recovered $5 damages and over $900 costs. The clerk issued execution for the whole, and while the sheriff had the writ one of plaintiff's attorneys instructed him orally not to collect the damages. A levy having been made, defendants paid the execution, and one of plaintiff's attorneys received from the sheriff a large part of the costs in discharge of witness fees plaintiff had paid his own witnesses, for which he held their certificates of attendance. Nearly two years afterwards plaintiff appealed.

*Held:* The costs were as much a part of judgment in favor of plaintiff as the damages, greatly exceeding them in amount, and the receipt of money collected under the execution in payment of the witness fees was, under the circumstances, such an acceptance or coercion of satisfaction of the judgment, as would prevent plaintiff from maintaining an appeal to reverse it.

This case having been brought to this court by appeal, the appellees moved to dismiss it, on the ground that the appellant, before taking his appeal, had coerced or received satisfaction of the judgment appealed from. The motion was resisted and both sides filed affidavits, the substance of which is stated in the opinion.

WATTS & SONS, ELMORE & GUNTER, and R. M. WILLIAMSON,
for the motion.

CLOPTON, HERBERT & CHAMBERS, *contra.*

MANNING, J.—This was an action at law upon an attach-
ment bond, for the recovery of a large sum of money, in
which appellant obtained a judgment against appellees for
five dollars as damages and the costs, in February, 1874.
The costs amounted to a sum exceeding $900; and a writ
of execution, issued for the damages and costs, was levied
on property of one of the defendants, who thereupon paid to
the sheriff the amount. While the writ was in the sheriff's
hands appellant's counsel told him orally not to make the
amount of the damages, because he intended to take an
appeal to this court—but gave him no written instructions
by endorsement on the writ or otherwise, not to do so; and
after the whole was collected he received from the sheriff a
large part of the costs, in discharge of the witness fees which
the appellant had paid to his own witnesses and for which
he had the certificates issued by the clerk to them. The rest
of the sum collected was doubtless paid to the other wit-
nesses and the officials entitled thereto. This was in 1874.
Afterwards, in 1876, this appeal was taken; and a motion is
now made to dismiss it for the reasons that the payment of
the judgment had been coerced by appellant.

It is well settled as the practice of this court, that if a
judgment be rendered in favor of a party in a lower court,
especially in an action at law, and he coerces or receives
payment of the amount thereof, he will not be permitted to
maintain an appeal from the same judgment to set it aside,
in this court. And, even if a judgment of reversal had been
rendered here, in the appeal, before the court is informed
that such payment had been made, this court, on being ad-
vised thereof, will withhold the certificate of reversal and set
aside its judgment, if the money collected be not, within a
time to be prescribed by it, paid back to the appellee.—*Hall
v. Hrabrowski,* 9 Ala. 278; *Bradford v. Bush,* 10 Ala. 274;
*Knox v. Steele,* 18 Ala. 815.

True, this is a power which will not be exercised in some
peculiar cases from the courts of probate or chancery courts,
in which it is apparent or admitted that the appellants are
entitled to recover all they have received and perhaps more.
But the present is not a case of that sort.

It is not pretended that the clerk of the city court of Mont-
gomery was not authorized to issue the writ of execution.
It was his duty to do so, if not instructed otherwise by the

[Moore's Adm'r v. Alvis et al.]

plaintiff or his counsel. And the sheriff, to whom the execution came, was required by the precept to make the whole amount mentioned in it, of the defendants. If it was intended that he should be restrained from doing so, the writ of execution should have been withdrawn, or an indorsement made on it to that effect.

The costs was no less a part of the judgment of the court in favor of the plaintiff, than the damages; and in this case, as we have seen, it was very much the most important part of it. If upon a new trial, the verdict should be in favor of defendants below, the appellees in this court, those costs would all have to be paid by appellant. And how can we know that they would then be able to recover them from him? Appellant can not be permitted to coerce satisfaction of such a judgment from his adversaries, and then appeal to this court to reverse and vacate it as erroneous.

The appeal must be dismissed.

Stone, J., not sitting.