## Phillips v. Towles.

*Final Settlement of Guardian's Account with his Ward in Probate Court.*

1. *Practice on appeal, when satisfaction of judgment in a court of law has been coerced.*—When a plaintiff coerces satisfaction of an ordinary judgment of a court of law, and afterwards sues out an appeal to this

[Phillips v. Towles.]

court, the appeal will, on motion of the appellee, be dismissed; and if he coerces payment of the judgment after he has taken the appeal, this court, on being informed thereof, will withhold the certificate of reversal, unless the money collected is refunded to the defendant in execution.

2. *Same, when decree of probate or chancery court has been coerced.* But this a discretionary power, to be exercised by the appellate court only for the prevention of injustice, oppression, or vexation; and hence, in all cases of appeals from the chancery and probate courts, the decrees of which are of a peculiar nature, and not necessarily entireties, as are judgments at law, if the sum coerced out of the defendant in execution is admitted to be due, or there seems to be no controversy or *bona fide* dispute as to the fact that it is due, so that the appellate court can clearly see, from the facts presented in the record, that, upon a new trial, a less sum can not be recovered by the plaintiff, a motion to dismiss the appeal, or stay proceedings should be refused.

3. *When prices paid by guardian for necessaries for his ward in Confederate money should be scaled.*—Where a guardian purchased during the war with Confederate money belonging to him, at Confederate prices, articles for his ward, which were necessaries, and furnished the ward, with money of the same currency, also belonging to him, to defray necessary expenses, he is only entitled, on final settlement, to credit for the value of the articles purchased, and of the money furnished, in the lawful currency of the United States, and not for the actual amount of Confederate money so paid out and furnished by him; and these values should be estimated at as near the time the expenditures were made, and the money furnished, as practicable. (*See second opinion.*)

APPEAL from Randolph Probate Court.

Tried before Hon. S. E. A. REAVES.

In the matter of the final settlement of James M. Towles as guardian of Thomas M. Phillips, a minor.

As shown by the record, in 1860, the ward's father died intestate, seized and possessed of a considerable estate, consisting of real and personal property; and soon thereafter James M. Towles and another were appointed administrators of the estate of said decedent, and, as such, took possession of the property belonging to the estate, which, during the same year, they sold on credit, taking notes for the purchase-money. At the sale said Towles purchased a considerable amount of the property, executing his note therefor. On 29th August, 1862, without collecting any of the notes received by them for the property sold, said administrators, made a final settlement of their administration in the probate court, on which they were charged with said notes as money, and decrees rendered in favor of the distributees, the decree in favor of Thomas M. Phillips being for $6,768.76. Without having paid this decree, Towles was duly appointed the guardian of Phillips in September, 1862, and in an inventory soon thereafter returned by him as guardian to the court, and in a partial settlement made by him in 1866, he charged himself with the amount of said decree, which was less than the amount he owed the estate of his ward's father for property purchased by him at said sale; and this decree, with accumulated interest, constituted the

[Phillips v. Towles.]

only item of debit on the guardian's account for final settlement, no money or other property of the ward having come into the guardian's hands. The ward became of age in 1868.

On the settlement, the guardian claimed credit for $2200, Confederate money which he, in the name of, and for his ward, invested, in March, 1864, in Confederate bonds, which bonds he deposited in court on the partial settlement made by him in 1866; and also for $1350.33, Confederate money which, as he testified, he kept separate from his own funds, and had on hand at the close of the war, for his ward. These two sums were collected by the guardian in Confederate money on debts due him individually during the war. To these credits Phillips objected, but his objections were overruled, and the credits allowed, and he duly excepted. The guardian also claimed credits for $1200, Confederate money, which he had let the ward have out of his own funds during the war to purchase a horse, and which was used for that purpose, and for several other sums, Confederate money belonging to and expended by him during the war in the purchase of clothing and other things for the ward, and in payments to the ward to defray his necessary expenses; and showed that the horse, clothing and other things so purchased were necessaries, and were suitable to the ward's "degree and condition in life." Phillips moved to scale each of these items to the value of the several articles purchased, and of the money paid him, " in good money;" and offered proof tending to show what these values were; but the court refused his several motions and allowed to the guardian the credits claimed by him; and to these rulings Phillips duly excepted. The several rulings above noted were here assigned as error.

A motion was made in this court to dismiss the appeal, the grounds of which are stated by the court. At the December Term, 1882, an opinion was filed, overruling the motion to dismiss the appeal; and at the December Term, 1883, another opinion was filed, reversing the judgment of the probate court, and remanding the cause. Both opinions will be found *infra*.

SMITH & SMITH, for appellant, cited on the merits, *Hutton v. Williams*, 60 Ala. 133.

JOHN T. HEFLIN, *contra*, cited, on motion to dismiss the appeal, *Morris v. Rexford*, 18 N. Y. 556; *Rodermund v. Clark*, 46 N. Y. 357; *Sanger v. Wood*, 3 Johns. Ch. 416; *Littlefield v. Brown*, 1 Wend. 398; s. c. 11 Wend. 467; *Hall v. Hrabrowski*, 9 Ala. 278; *Bradford v. Bush*, 10 Ala. 274; *Tarleton v. Goldthwaite*, 23 Ala. 355; *Montevallo C. M. Co. v. Reynolds*, 44 Ala. 252; *McCreeliss v. Hinkle*, 17 Ala. 459;

[Phillips v. Towles.]

*Knox v. Steele*, 18 Ala. 815; *Shingler v. Martin*, 54 Ala. 354; *Radway v. Graham*, 4 Abb. 468; *Glackin v. Zeller*, 52 Barb. 147; *Fly v. Bailey*, 36 Tex. 119; *Campbell v. Orillion*, 3 La Ann. 115; *Clements v. Cassily*, 3 *Ib.* 358; *Mitchell v. Lay*, 3 *Ib.* 593; *Fluhart v. Golding*, 7 *Ib.* 233; *Morgan v. Ladd*, 2 Gilman, 414; *Thomas v. Negus*, 2 *Ib.* 700; *Ruckman v. Alwood*, 44 Ill. 183; *Holt v. Rees*, 46 *Ib.* 181; *Marvin v. Marvin*, 11 Abb. Pr. (N. S.) 97; *Knapp v. Browne*, 45 N. Y. 207; *Independent District v. District Township*, 44 Iowa, 201; *Borgalthous v. Insurance Co.*, 36 *Ib.* 250.

SOMERVILLE, J.—This appeal is from a decree of the probate court made on the final settlement by the appellee, Towles, of his accounts as guardian of the estate of Thomas M. Phillips. The court rendered a judgment, or decree in favor of the ward against Towles for the sum of two thousand eight hundred and sixty-four 45–100 dollars, besides costs, in August, 1881. In October following, an execution was issued on the decree and levied on the defendant's property. In December, 1881, the execution was fully satisfied by payment. This appeal was taken in January, 1882, after such coercion of satisfaction, and the appellee now moves the court to dismiss the appeal, on the ground that the plaintiff in execution, the appellant in this cause, coerced payment, and received satisfaction of the judgment before the appeal was taken.

Where an ordinary judgment is obtained *in a court of law*, the practice is well settled, that if the plaintiff coerces satisfaction of it, he can not afterwards sue out an appeal from it to this court. If he does, the appeal will, on motion of the appellee, be dismissed. And so likewise, if he coerces payment after he has taken such appeal, this court, on being informed of such proceeding, will withhold the certificate of reversal, unless the money collected is refunded to the defendant in execution. The reason assigned for this by Ormond, J., in *Hall v. Hrabrowski*, 9 Ala. 278, is, that it is deemed "both vexatious and oppressive in the plaintiff to prosecute a suit here, to reverse a judgment, the correctness of which he impliedly affirms, by coercing payment from the defendant under it," and that such coercion of payment would be unjust, inasmuch as the plaintiff, if he succeeds in reversing the judgment, "may, upon another trial, entirely fail to recover anything." The principle of this case was re-affirmed in *Bradford v. Bush*, 10 Ala. 274, without further discussion of the reasons upon which it is based, and it has since been uniformly recognized and followed, in all appeals from judgments rendered *by courts of law*.

There has been, however, a manifest tendency to except from

the operation of this rule a certain class of cases in the chancery and probate courts. This power of the appellate court, which is invoked by the appellee for the dismissal of an appeal, or the suspension of proceedings until the appellant refunds the money collected on his judgment, has been pronounced a discretionary one, to be exercised only to prevent injustice, oppression or vexation. In *McCreeliss v. Hinkle*, 17 Ala. 459, which was an appeal from the orphans' court by certain distributees, in the matter of the settlement of an administrator's account, where the decree rendered against the administrator was paid without compulsion, this court refused to entertain a motion to dismiss the appeal. It was said by Dargan, C. J., that these decisions, above cited, "would not apply to a case in the orphans' or chancery court, if it plainly appears from the showing or answer of the defendant, that the plaintiff could not recover less than the amount awarded to him by the decree." The reason assigned is, that the defendant can, in no aspect of such a case, suffer injury by the plaintiff's receiving the money, which is thus admitted to be due him.

The next case in which this doctrine was considered was that of *Knox's Distributees v. Steele, Adm'r*, 18 Ala. 815. This was an appeal from the settlement of an administrator in the orphans' court. The facts of the case do not show to what extent the various items of the administrator's account were controverted or disputed. The motion to dismiss, or compel the plaintiff to refund, was granted, much stress being apparently laid on the fact, that the payment of the judgment had been coerced from the appellee. It was said by Dargan, C. J.: "It is true that the exercise of this power is a matter of legal discretion, and will not be exercised by this court in every case where the money upon a judgment or decree has been paid; if the defendant has voluntarily paid the judgment or decree, without being coerced by execution, and we are satisfied that the plaintiff will be entitled to recover this amount upon another trial, we would not refuse to hear the errors because of this voluntary payment." A different practice, it was added, "might often lead to much litigation without producing any beneficial results." This case is the strongest one which I can anywhere discover in our reports in favor of the appellee's motion to dismiss the present appeal.

An authority more directly in point, however, is the case of *Tarleton v. Goldthwaite's Heirs and Adm'r*, 23 Ala. 346. This was a chancery cause, in which some of the items of the administrator's account were controverted, and others were admitted to be correct. The court regarded the principle settled in *Hall v: Hrabrowski*, 9 Ala. 278, *supra*, as being peculiarly applicable to judgments at law, and not necessarily so to

cases arising in the orphans' or chancery court. "The reason of this distinction," said Gibbons, J., "we apprehend to be, that if a judgment at law is reversed, it abrogates the whole judgment. It can not be reversed in part, and affirmed in part; whereas, in cases from the probate court, and in chancery cases, the judgments, or decrees may be *reversed in part, and affirmed in part.*" The motion to dismiss was refused on this ground, the fact that the decree had been *voluntarily* paid by the administrator, instead of being coerced under execution, not entering into the reasons given by the court for the decision.

The case of *Hoard v. Hoard's Adm'r*, 41 Ala. 590, seems to have been decided chiefly upon the idea of this court's power to exercise a large discretion in such matters, in the interest of preventing vexation and oppression in the prosecution of appeals. The decree in that case, which was one rendered by the probate court, was satisfied in Confederate money, being, as said by the court, not only "voluntarily, but *swiftly* paid," and the interest of minors being involved.

In the more recent case of *Shingler v. Martin*, 54 Ala. 354, which was a case at law, the court sustained the motion to dismiss the appeal, making this explanatory observation. "True, this is a power," said Manning, J., "which will not be exercised in some peculiar cases from the courts of probate or chancery courts, in which it is apparent or admitted that the appellants are entitled to recover all they have received and perhaps more."

We take the true rule, to be eliminated from these authorities, as well as from clear principles of reason, to be the following: That, in all cases of appeals from the chancery and the probate courts, whose decrees are of a peculiar nature, and not necessarily entireties, as are judgments at law, if a certain sum is admitted to be due by the defendant in execution, or there seems to be no controversy or *bona fide* dispute as to the fact that the sum recovered by the appellant is actually due, so that the appellate court can clearly see, from the facts presented in the record, that upon a new trial a less sum will not again be recovered by the plaintiff, the motion to dismiss, or stay proceedings, ought to be refused. In cases of this character, there can be no injustice, or vexatious oppression to the defendant, in allowing the plaintiff to receive that to which he is unquestionably entitled, and to confine future litigation only to so much of plaintiff's claim as may be *bona fide* disputed.—*Gowen v. Jones*, 20 Ala. 128. This seems to us to be a fair and just principle, and finds a close analogy in the practice often pursued even in our circuit courts, where the plaintiff is permitted to take judgment for so much of his claim as is admitted to be due, and the defendant is allowed a continuance only as to the

balance or residue, which he desires *bona fide* to controvert by future litigation.

Under the influence of this principle, we are of opinion that the motion made by appellee to dismiss the present appeal must be overruled.

SOMERVILLE, J.—The questions raised in this case have been adjudged by this court adversely to the appellee, and, under our past decisions, the judgment of the probate court must be reversed, because clearly erroneous.

The guardian, Towles, was éntitled to be credited only with the *value*, in United States currency, of the horse, and other property or articles purchased for, or advanced to his ward, being necessaries within the meaning of the law. On the same principle, he should have been .credited with the value of the Confederate currency advanced to his ward for necessary expenses, these moneys being shown to have belonged to the guardian, and not to the ward himself. These values should be estimated at the time the expenditures were made, or the money was paid, as nearly as may be practicable. The probate court erred in allowing these items at their nominal amount, as measured in the depreciated currency of the Confederate States.—*Hutton v. Williams*, 60 Ala. 133; *Harbin, Adm'r v. Bell*, 54 Ala. 389; *Daughdrill v. Helms, Adm'r*, 53 Ala. 62.

Reversed and remanded.