# McCalley v. Otey *et al.*

*Bill in Equity to enjoin Sale under a Mortgage and to redeem.*

1. *Tender; payment into court must be of the entire amount due, to stop the accumulation of interest.*—A tender, to be available to stop the ac-

[McCalley v. Otey *et al.*]

cumulation of interest, must be of the whole amount due; and on a bill filed to enjoin a sale under a mortgage and to redeem, the payment into court of an amount less than the full amount due at that time, is not effective to avoid the payment of interest, and a decree allowing interest on the debt only up to the payment into court of such amount is erroneous, since the creditor is entitled to interest up to the date of the rendition of said decree.

2. *Acceptance of the amount decreed by the court, no ground to dismiss appeal, when the decree should have been for a larger amount.*—Where there is an appeal from a decree on the ground that the amount the appellant was adjudged to be entitled to was not the full amount due, because interest was only allowed up to the time of the payment of said sum into court, when it should have been allowed up to the date of the rendition of said decree, it is no ground for the dismissal of the appeal that, after the rendition of said decree, the appellant withdrew from the court the amount tendered and paid into court, to which the decree adjudged he was entitled; it plainly appearing that the appellant could not recover less than the amount awarded him by said decree.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed by the appellees against the appellant; and sought to have enjoined a threatened sale of land under a power contained in a mortgage, and prayed to be allowed to redeem under the mortgage. The original bill was filed on July 19th, 1889. This is the third appeal in said cause. The facts of the case are set out in full in the last report of the case, as found in the 99 Ala. 584. That appeal was taken from a decree of the chancellor, not allowing to the mortgagee interest on the mortgage debt after the first tender, which was made on December 31st, 1887. This court reversed that decree, and decided that there had not been a sufficient tender to the mortgagee to stop the payment of interest on the mortgage debt, and that he was, therefore, entitled to interest thereon.

On the remandment of the cause, John M. Hampton was examined orally, and testified that he kept the same amount of money tendered on December 31st, 1887, in readiness to pay up to the time he brought it into court. On cross-examination he testified that he had a part of the money himself, and the balance of the money he obtained from his father, and that after the money was refused when tendered on December 31st, 1887, and on

[McCalley v. Otey *et al.*]

January 2d, 1888, he kept the money he had, and returned that which he had obtained from his father. This witness further testified that he was willing and prepared to pay the amount tendered to McCalley at any time after said tender of December 31st, 1887, up to the time the money was paid into court, but that he expected to borrow a part of the amount from his father to make the payment, if the tender was accepted.

Upon the final submission of the cause, the chancellor decreed that the amount paid into court, to-wit, $1,318.-46, "was not sufficient to pay the sum due, computing the interest from the date of the maturity of the debt on January 1st, 1888," and that the amount tendered had not been kept continually ready for payment to the mortgagee from the date of the tender, and that, therefore, the complainant was liable for the interest on the debt, from the date of its maturity until the money was paid into court on March 21st, 1890, and computed the interest due thereon. It was further decreed, that the sum of $1,318.46, which had been paid into court, less the cost of the suit, was the property of Charles S. Mc-Calley, and the register was ordered to pay the same over to him. This decree was rendered on September 23d, 1893. The sum adjudged by the decree to belong to said McCalley was paid over to the attorney of said McCalley, who gave his receipt to the register therefor. The decree of the chancellor allowing the said Charles S. McCalley, the mortgagee, interest only up to March 21st, 1890, the day of the payment of the sum into court, is assigned as error on this appeal, brought by said Mc-Calley; his contention being that he should be allowed interest up to the time of the rendition of the decree. After the cause was brought here on appeal, the appellee moved to dismiss the said appeal on the ground that the appellant, after the rendition of the decree from which the appeal is taken, has, under and by virtue of said decree, withdrawn from the court the money tendered and deposited in the court by the appellees, and that, therefore, the appellant has ratified said decree, acquiesced therein, and is estopped from complaining of the same.

W. A. GUNTER and LAWRENCE COOPER, for appellants. The appellees' motion to dismiss the bill, on the ground

that the appellant had accepted the part of his debt deposited in court, should be overruled.—*Phillips v. Towles*, 73 Ala. 406.

The chancellor should have allowed interest up to the time of the rendition of the decree.

TANCRED BETTS, *contra.*—The appeal should be dismissed by reason of the appellant having accepted the money paid into court.—*Hanson v. Todd*, 95 Ala. 328.

The decree of the chancellor was in accord with the rulings of the supreme court when this case was here on former appeal.—99 Ala. 584.

COLEMAN, J.—The facts of the case fully appear in the opinion and report of the case in 99 Ala. 584. After the remandment of the cause, the chancery court permitted the introduction of evidence upon the question of tender, and upon the submission of the cause upon this question ascertained that the tender had not been kept good, and decreed that the amount paid into court on the 21st of March, 1890, was not the amount due respondent. The court allowed interest on the debt to the 21st of March, 1890, the date that the money was paid into court, and refused to allow interest to the date of the decree. In this the court erred. The amount paid into court was not the full amount due, and the respondent was under no legal obligation to accept anything less than his entire debt. The fact that the complainant must lose the interest upon the money during the time it was in court, cannot be attributed to any fault of the respondent. To make a plea of tender available to stop the accumulation of interest, it is indispensable that the entire amount due be tendered. The court should have allowed interest on the principal ($1,200), to the 23d day of September, 1893, the date of the rendition of the decree.

The motion to dismiss the appeal, upon the ground that the appellant had accepted payment of the amount of the decree of the court, must be overruled. This case is clearly within the principle declared in the case of *Phillips v. Towles*, 73 Ala. 406; 1 Brick. Dig., 104, § 308. The principal ($1,200), was admitted in complainant's bill to be due, and it was clearly shown that the amount tendered had not been kept good. Under no circum-

[Hertzfeld v. Bailey *et al.*]

stances could the appellant be entitled to less than that decreed him. In fact, we hold that the error of the court consists in not decreeing to him the full amount of his claim. The case of *Hannon v. Todd*, 95 Ala. 328, has no application, as will be seen by an examination of the case of *Phillips v. Towles*, 73 Ala., *supra*, and cases cited.

A decree will be here rendered in favor of appellant for the further sum of three hundred and forty-four dollars to be paid, with the interest which may accrue, to him as a condition precedent to the cancellation of the mortgage and a redemption of the land ; and unless paid within sixty days from the rendition of this decree, the appellant, upon his motion in the court in which the cause is pending, may have the injunction granted in this cause, and made perpetual by the chancery court, dissolved, so that the mortgagee, appellant, can proceed to foreclose his mortgage or collect the decree of this court in his favor by execution, or as he may be advised.

Corrected and rendered in part and remanded.

BRICKELL, C. J., not sitting.

