302 So.2d 513

**AIR MOVERS OF AMERICA, INC., a corp., et al.**

v.

**STATE NATIONAL BANK OF ALABAMA, a National Banking Assn., etc.**

**SC 244.**

Supreme Court of Alabama.

Aug. 30, 1973.

On Rehearing Sept. 27, 1973.

See also 293 Ala. 312, 302 So.2d 517.

Bell, Richardson, Cleary, McLain & Tucker, and Stapp & Spencer, Huntsville, for appellants.

Lanier, Shaver & Herring, and John M. Heacock, Jr., Huntsville, for appellee.

COLEMAN, Justice.

Appellee filed a bill of interpleader asking the court to determine which of two groups of people is entitled to certain money which was on deposit with and in possession of appellee in a checking account in the name of Air Movers of America, Inc., sometimes herein called Air Movers, which is a corporation and one of the appellants.

It appears that the money in the checking account was paid to the register. The court rendered final decree finding that a proper cause for interpleader existed and discharging appellee from all liability to respondents; awarded $7,500.00 to appellee for attorney's fee and ordered the same paid out of the money held by the register; taxed the cost against Air Movers and ordered the costs also to be paid out of the money held by the register; and ordered that the balance of the funds held by register, after payment of the aforesaid amounts, be paid to the attorneys of record for Air Movers, subject, however, to any outstanding claims and liens on file in the register's office against said funds.

Appellants assign errors whereby they assert, among other matters, that the court erred in finding that prior to July 2, 1969, a dispute existed between the two groups of people who claimed the money, in that said finding is not supported by the evidence. Appellants also assert, inter alia, that the court erred in finding that appellee was not at fault in bringing on the controversy, in finding that appellee was a disinterested stakeholder, in finding that there was only one liability of appellee, and in finding that a proper cause for interpleader existed under Equity Rule 36, in that each of these findings is not supported by the evidence or is not supported by the law of the case.

The application for rehearing filed by appellants was overruled July 17, 1972.

On August 16, 1972, one of the attorneys for appellants filed a letter to the register requesting payment to the attorneys for Air Movers of all money on deposit after allowance for the items noted in the final decree. Affidavit made by the register shows that, shortly after the date of the letter, the register paid to appellants' attorney the sum of $22,135.72 pursuant to the final decree.

On January 16, 1973, appellants filed notice of appeal and security for costs.

Appellee has filed motion to affirm on the ground that the appeal is brought merely for delay and no substantial issue is raised on the appeal. The cause is submitted on the motion as provided by Supreme Court Rule 17.

Appellee has also filed motions to allow attorney's fee to appellee on the appeal in the suggested amount of $3,750.00; to assess penalty of ten per cent on the decree awarding appellee $7,500.00; to award interest in accord with Title 9, § 63, Code 1940; and to dismiss the appeal on the ground that appellants have received $22,135.72 at their request, and that appellants are, therefore, estopped from prosecuting the appeal.

### 1.

The record is in two volumes and contains more than eight hundred pages. The briefs filed contain more than one hundred and forty pages. Appellants request oral argument.

We have made examination of the record and briefs and are not persuaded that the decree is due to be affirmed on the ground that it is a delay case and is not doubtful or difficult. Accordingly, the motion to affirm on the ground that the appeal is a delay case is denied. The appeal will stand for argument in its regular turn, subject to the payment hereinafter required to be made by appellants.

### 2.

In support of the motion to dismiss on the ground that appellants have received the money awarded to them by the decree, appellee cites Riddle v. Hanna, 25 Ala. 484. In *Riddle*, this court ordered that the adult appellants refund the money which had been received by them in satisfaction of the decree. The nature of the case is not shown in the opinion other than that the appeal had been taken by or on behalf of complainants. This court ordered that the appeal be dismissed if appellants did not, by the next term of this court, refund the money received by them.

In *Riddle*, this court said:

"The dismissal of the appeal has been pressed upon us, on the ground that some of the appellants have received satisfaction of the decree. The rule established in Knox v. Steele, 18 Ala. 815, is, that when that is the case, the parties who have received satisfaction will not be allowed to assign errors until they have done what is necessary to place the other party in *statu quo*." (25 Ala. at 486)

In opposition to the motion, appellants cite Tarleton v. Goldthwaite's Heirs, 23 Ala. 346, and McCalley v. Otey, 103 Ala. 469, 15 So. 945.

In *Tarleton*, on appeal by complainant from decree awarding him an interest in land and a sum of money for rents received by respondents' intestate, this court denied a motion to dismiss the appeal on the ground that the decree appealed from had been executed by respondents and acquiesced in by complainant. Among other things this court said:

" . . . In the case of McCreeliss' Distributees v. Hinkle, adm'r, it is said: 'The power thus exercised by the appellate court, to compel the plaintiff to re-

fund the money or dismiss the writ of error, seems to me to be a discretionary one, and may be well exercised when the conduct of a party is vexatious or oppressive, and may ultimately result to the injury of the other; but, when the defendant can in no aspect of the case be injured by the plaintiff's receiving the money, and this is paid with out compulsion, I see no good reason why we should make an order on the plaintiff to refund the money or to submit to a dismissal of his writ.' We consider this reasoning applicable to the case before us, and it is, in our opinion, decisive of the question. The defendant's motion to dismiss the appeal, therefore, cannot prevail." (23 Ala. at 356)

In *McCalley*, this court denied a motion to dismiss on the ground that appellant had accepted payment of the amount of the decree. This court said:

"  .  .  .  The principal ($1,200), was admitted in complainant's bill to be due, and it was clearly shown that the amount tendered had not been kept good. Under no circumstances could the appellant be entitled to less than that decreed him.  .  .  ." (103 Ala. at 472, 473, 15 So. at 946.)

In *Tarleton*, one test to be considered in ruling on the motion to dismiss is whether the appellee can in any aspect of the case be injured by the appellants' receiving the money. In *McCalley*, one test is whether under any circumstances could the appellant be entitled to less than has been decreed him.

In the instant case, if appellants are successful on the appeal and the decree is reversed, it may well be that appellee will not be injured by the fact that appellants have received the money decreed to them. On the other hand, if appellants are unsuccessful and the decree is affirmed, appellee might be allowed an attorney's fee on the appeal. In such event, the additional fee may be payable out of the money deposited with the register, and the ultimate balance due appellants may be less than the amount awarded to them in the decree appealed from. We are not deciding at this time that appellee would necessarily be entitled to any fee on appeal, but we are bound to note that allowance of such fee is at least an arguable possibility.

In view of the possibilities thus noted, it cannot be affirmed that appellee cannot in any aspect of the case be injured by appellants having already received $22,135.72 from the register, or that appellants will under any circumstances be ultimately entitled to all of the amount awarded to them in the decree of the trial court.

It does appear that appellants will finally be entitled to part of the money they have already received. It further appears, however, that appellants may not finally be entitled to all of what they have received. We are of opinion that equity will be served if appellants refund to the register of the circuit court the sum of seven thousand five hundred dollars to be held by the register pending the final disposition of this case and subject to the final decree herein.

It is ordered that appellants pay said sum to the register within sixty days after this date; and if appellants fail to do so, this appeal will be dismissed. If and when the register has certified to this court that appellants have made said payment to the register within sixty days after this date the case will then be set for oral argument in its regular turn.

Motion to affirm as delay case denied.

Motion to dismiss on ground that appellants have received payment granted conditionally.

HEFLIN, C. J., and MERRILL, HARWOOD, MADDOX, McCALL, FAULKNER and JONES, JJ., concur.

BLOODWORTH, J., not sitting.

**312**

## ON REHEARING.

COLEMAN, Justice.

On application for rehearing appellants make known to us that the register now holds on deposit the sum of $28,209.68 pursuant to the decree of the circuit court in this cause, and that the only unpaid liens or charges now outstanding against said sum are a charge for $7,500.00 in attorneys' fees awarded to appellee and a charge for the costs in this case. The register makes certificate to the effect stated above.

On original deliverance we were not aware that any of the funds with which this case is concerned remained in the hands of the register. As stated above, it now appears to us that the register holds on deposit approximately $20,000.00 which will be available to pay any additional attorney's fee, penalty, and interest to which appellee may be entitled in the event the decree appealed from is affirmed. Sufficient funds being already in the hands of the register to provide for the contingencies mentioned, no reason exists to require appellants to deposit an additional $7,500.00 with the register.

Accordingly, the application for rehearing is granted and the judgment of this court is modified by vacating the order that appellants pay $7,500.00 to the register, and the motion to dismiss the appeal on the ground that appellants have received the money awarded to them is denied unconditionally. The cause will stand for oral argument in the regular order.

Application for rehearing granted.

Opinion extended.

Order requiring appellants to pay $7,500.00 to register vacated.

Motion to dismiss denied.

HEFLIN, C. J., and MERRILL, HARWOOD, MADDOX, McCALL, FAULKNER and JONES, JJ., concur.

BLOODWORTH, J., not sitting.

