# Cockrell *et al. v.* Coleman's Adm'r.

*Bill in Equity for Sale of Lands for Partition, Account of Rents, &c.*

1. *Title to lands on death of one of several heirs, and right to rents, as between surviving heirs and administrator.*—On the death, intestate, and unmarried, of one of several children, heirs-at-law of their deceased father, who also died intestate, the legal title to his share of the lands inherited by them descends, by operation of law, to the surviving heirs, subject to the statutory power of his administrator to have it appropriated to the payment of debts against his estate, if the personal assets prove insufficient; and they are entitled to receive and hold the rents, issues, and profits, until this power is asserted by the administrator in some lawful mode.

2. *Action by administrator of deceased heir, against surviving heirs, for money had and received; when administrator can not come into equity.*—The administrator of a deceased heir may maintain an action at law against the surviving heirs, to recover his intestate's share of the purchase-money, received by the defendants, from the sale of a tract of land, which belonged to them and the intestate as tenants in common, and was sold before his death ; and consequently, having an adequate remedy at law, he can not come into equity to enforce such demand; nor can he charge it, as an equitable lien, on other unsold lands, which he seeks to have sold for partition.

3. *Costs, on sale for partition.*—On bill by the administrator of a deceased tenant in common, against the surviving tenants, asking a sale of lands for partition, costs will not be imposed on the defendants, when it does not appear that they interposed any obstacle to the assertion of his rights by the complainant, and the bill embraces other claims which are unfounded.

4. *When re-sale may be refused.*—On objections to the confirmation of a sale of lands by the register, although most of the affidavits state that the lands are

worth twice the amount of the price bid, the sale may properly be confirmed, if no guaranty is given that, on a re-sale, a higher price shall be brought.

APPEAL from the Chancery Court of Greene.

Heard before the Hon. A. W. DILLARD.

The bill in this case was filed, on the 27th April, 1871, by F. P. Snedicor, as the administrator *de bonis non* of the estate of John R. Coleman, deceased, against Mrs. Parmelia E. Cockrell, and Maclin R. Cockrell, her husband; Edward Pearson, Moses H. Pearson, Charles C. Coleman, and John W. F. Temple. It sought, principally, a sale for partition of a certain tract of land, containing two hundred and sixty-nine acres, which had belonged to Charles H. Coleman, who died in said county, intestate, in September, 1848; was assigned to his widow, Mrs. Priscilla Coleman, as her dower, and descended to his children as heirs-at-law; who were, said John R. Coleman (deceased), Charles C. Coleman, Aquilla Coleman (deceased), Mrs. Parmelia E. Cockrell, and Mrs. Martha Pearson (deceased), the mother of said Edward C., and the wife of said Moses H. Pearson. It sought, also, to hold the defendants responsible for the rents of said lands, which they had received after the death of Mrs. Coleman, and for the complainant's portion, as administrator, of the purchase-money of certain lands in Mississippi, which had been sold before the death of said John R. Coleman, to the defendant Temple; and to declare a lien in his favor, to the extent of his interest in the money so received, on the defendants' respective interests in the lands sought to be sold, or their shares of the purchase-money when sold; and the general prayer for other and further relief was added. The material facts of the case were thus stated by MANNING, J.:

"Charles H. Coleman died, many years ago, in Greene county, intestate, leaving a widow, Priscilla, and five children, to-wit: Mrs. Martha Pearson, the wife of Moses H. Pearson, and the mother of Edward C. Pearson, who afterwards died, leaving her said husband and son surviving her, both of whom are defendants to the bill; Mrs. Parmelia Cockrell, the wife of Maclin R. Cockrell, who are also made defendants; Aquilla Coleman, who died, intestate, and unmarried, before the death of Mrs. Pearson; John R. Coleman, the complainant's intestate, and Charles C. Coleman, who is also made a defendant to the bill. A tract of land, containing two hundred and sixty-nine acres, was set apart to the said Priscilla, as her dower; and on her death, in the latter part of the year 1863, the dower estate ceased to exist. John R. Coleman died, intestate, about the same time with the widow. The legal title to this tract of land, by inheritance

from the said Charles H. Coleman, and from his heirs who had died, was thus cast on the said Parmelia Cockrell, Charles C. Coleman, and Edward C. Pearson, as heirs; and one-fourth part thereof came to them as the heirs-at-law of said John R. Coleman, deceased. After the death of said John R., which occurred, it seems, in the latter part of the year 1863, one Alfred Thatcher became administrator of his estate; and in December, 1869, reported the estate insolvent, and had it so declared. He afterwards himself died, insolvent, and there is no administrator of his estate. Letters of administration *de bonis non* on the estate of said John R. Coleman were afterwards granted to the complainant in this cause, who thereupon filed his bill, setting forth the facts above stated; and that Thatcher had received no assets for which he had accounted, and had made no settlement thereof, and had paid none of the debts; and that he, complainant, had received no assets; and that the defendants, after the death of the said John R. Coleman, had leased out said tract of land, and had received and appropriated the rents; and that they had also received and divided among themselves, since the death of said John R., the purchase-money of certain lands in Mississippi, which said children had inherited from their father, and which they had sold before the death of said John R.; and that the said tract of two hundred and sixty-nine acres 'can not be equally and fairly divided among the said heirs-at-law, without a sale thereof;' and that some of the defendants are insolvent, or irresponsible. The bill thereupon prays, that the lands be sold for division, and that the shares of the defendants be severally charged with the sums of money they respectively received, to which the estate of the said John R. was entitled, from the rents of said lands in Alabama, and the sale of said lands in Mississippi.

"There was a demurrer to the bill, which, in the view we take of the case, need not be considered. It was overruled. Afterwards, a receiver was appointed, and took charge of the rents. Answers were filed, and testimony was taken. The chancellor rendered a decree, conceding to the complainant every thing claimed in the bill; and a sale of the land was ordered and made."

It should be stated, also, that at the sale by the register the lands brought only three dollars per acre, F. P. Snedicor and D. B. Phillips being the purchasers. The defendants resisted a confirmation of the sale, and asked a re-sale; submitting the affidavits of several persons, who swore that the lands were worth at least five dollars per acre. The chancellor overruled their objections and motion, and confirmed the sale.

The overruling of the demurrer to the bill, the decree on the merits, and the confirmation of the register's report of the sale, are now assigned as error.

R. CRAWFORD, and E. MORGAN, for appellants.—1. Mrs. Cockrell can not be made liable for rents collected, she being a *feme covert.*—*Tucker v. Caskie,* 32 Miss. 184. If John R. Coleman's share of the purchase-money of the Mississippi lands was wrongfully received by her husband, or wrongfully paid by Temple, the purchaser, the complainant may have a remedy against them, but he has none against Mrs. Cockrell.

2. The defendants are not responsible for rents received before the complainant's appointment as administrator.— *Patton v. Crow,* 26 Ala. 426; 18 Ala. 193; 4 Ala. 682; 19 Ala. 458.

3. If the defendants were liable at all on account of the Mississippi lands, it was a liability which might be enforced at law, in an action for money had and received, and was no ground for a resort to equity. But they were not liable at all, on account of the purchase-money of these lands. It was received in Mississippi, and distributed in 1865. Snedicor was appointed in Alabama, in 1870; and beyond the limits of this State, he had no right or interest in or to any property which had belonged to his intestate's estate. Had there been an administration and distribution in Mississippi, the title of the distributees would have been good against the world; and a division among the heirs, without an administration, will be upheld in equity.—42 Ala. 394.

F. P. SNEDICOR, and W. COLEMAN, *contra.*—1. Partition is a ground of equitable jurisdiction.—1 Story's Equity, § 658. In cases of partition, tenants in common are entitled to an account.—*Ib.* § 655. Having taken jurisdiction for the purpose of making partition, the court might well go on, and settle all the equities existing between the parties growing out of matters connected with the estate; and since some of the defendants were insolvent, and one was a married woman, it was proper to charge their indebtedness on these other matters against their respective interests in the lands of which partition was sought.—9 Geo. 6; 14 Geo. 521.

2. All of a decedent's property is liable for the payment of his debts.—Rev. Code, § 2060. The rents of real estate, as well as the land itself, are liable for debts; and when the lands lie in this State, the administrator is chargeable with the same as assets. These rents were received by the defendants, if not by collusion with the administrator in chief, at

least with the knowledge of the fact that they belonged to the estate of John R. Coleman; and, having appropriated them to their use, they are liable to the administrator *de bonis non.*— *Woolfork v. Sullivan*, 23 Ala. 548; *Watts v. Gayle & Bower*, 20 Ala. 817; 12 Ala. 532; 15 Ala. 707; 9 Ala. 912; 4 Ala. 443; 1 Ala. 226.

3. As to the money arising from the sale of the Mississippi lands, the defendants are liable as executors *de son tort*, or liable to account as trustees *in invitum.*— *Smith v. Kearney*, 2 Barbour's Ch. 540-47; 1 Hoff. Ch. 21; 2 Hill's Ch. 111; 15 Ala. 707.

MANNING, J.—There was no liability on the part of defendants for the rents they had received, to be enforced in favor of complainant in any court. The bill and evidence show, that they were received as compensation for the use and occupation of property which really belonged to the parties sued. As we have seen, the title and ownership of the land were cast upon them as heirs, by the death of former proprietors. Title to a part of it thus came to them from John R. Coleman : and although they took it subject to the statutory power of the administrator of his estate to have it appropriated to the payment of his debts, if the personalty was insufficient, yet, until the authority to do this was exercised or asserted, they were legally as fully entitled to the use and enjoyment of the land, and of the rents, issues, and profits, as if their title was in all respects indefeasible. As was said here on a former occasion, " As between the administrator and the heirs, the latter are not responsible for rents received, or damages, until the statute power is asserted in some lawful mode; on the principle, that in law they are the owners, and may lawfully expend the usufruct, until advised of the necessity to apply it otherwise." *Patton v. Crow*, 26 Ala. 432; *Branch Bank v. Fry*, 23 Ala. 777; *Chighizola v. LeBaron, ex'r*, 21 Ala. 406.

The assumption in the argument for appellee, that Thatcher did, as administrator of John R. Coleman, lease the land, and receive the rents, and then, in violation of his trust, distribute the money among the defendants, although it receives a show of support from their answers (which do not, however, say that in so doing he acted as administrator), is at variance with the averments of the bill, and testimony of witnesses. From the latter it appears, that Thatcher was administrator of the estate of Aquilla Coleman, also, of which he afterwards made a final settlement; and that, acting as the common agent of defendants in this suit, as inheritors of the land, he leased it from year to year, after the death of the

dowress, said Priscilla, and before his report of John R. Coleman's estate as insolvent, and paid to each of them his or her share of the rents collected. He did not receive or claim these, or let to a tenant any portion of the dower property, as administrator of the estate of said John R. Coleman, deceased.

2. In respect to the claim, for the estate of John R. Coleman, of a portion of the purchase-money for the lands sold in Mississippi: if complainant was entitled to any moneys from defendants on that account, for these the common-law courts were open to him. His right to sue in them was plain, and the remedy adequate and complete. Upon obtaining judgments at law against them, nothing hindered him from having their interests, as tenants in common in the land, sold under writs of execution thereon; unless, as some of the defendants insist, they are shielded against these by the exemption laws; which, if it be true, is a protection that a court of equity has no jurisdiction to interfere with and strike down.

It seems from the prayer of the bill, that complainant's counsel supposed he had some right in the nature of a specific lien on defendants' portions of the land, as security for the moneys he claims of them, which right or lien might entitle him to the assistance of a court of equity. The chancellor was asked to declare and enforce such a charge upon the proceeds of the sale of said portions, and he did so. But it was a mistake to suppose that the administrator of John R. Coleman's estate, as a creditor for the moneys, if any were due, for the Mississippi lands, had any better right than that of any other creditor, seeking to obtain payment of a money debt, to recourse against the property pursued; or to the aid of a court exerting its powers in a different manner, to enable him to reach it.

3. There remains only one other object for which this suit was brought. The bill alleges, that the dower property could not be equally and fairly divided without a sale, and prays that it be sold for that reason. This brought the cause within the jurisdiction of the Chancery Court; and defendants having, in their answer, admitted the averment above, the decree for a sale of the land for partition is valid. It does not appear that the defendants put any obstruction whatever in the way to prevent complainant from exercising full authority over the portion that was of John R. Coleman. Consequently, their shares of the small price obtained should not be reduced, by costs, for which they are not properly responsible; and owing to the shape and course given to the cause, by claims in the bill that could not be maintained, the

[Cockrell et al. v. Coleman's Adm'r.]

expenses of the litigation are out of proportion with the value of the property.

4. We cannot say that the court erred in overruling the objections to a confirmation of the sale of the register. Although the property brought only three dollars an acre, and most of the persons whose affidavits were produced thought it worth twice as much, no guaranty was offered that, upon a re-sale, it should fetch a higher price than was obtained.

For the errors hereinbefore indicated, so much of the main decree of the chancellor on the merits of this cause, as charges defendants, or any of them, with the rents they respectively received for the dower-land in controversy, before this suit was brought, and so much of said decree as charges defendants, or any of them, with any part of the purchase-money of the Mississippi lands, and so much of said decree as charges any of the sums of money so received for said rents and purchase-money upon the proceeds of the sale of said dower-lands, or of the portions of defendants, or any of them, and all and every part of said decree, and of the reports, confirmations, and orders in the Chancery Court relating to, and intending to carry into effect said decree, are reversed and annulled, except so much and such part of said decree as orders a sale of the said dower-land, and the reports of the register or master concerning such sale, and the orders confirming the same,—which part of said decree, reports, and orders of confirmation are affirmed. And this court, proceeding to make the further orders in this cause that ought to have been made by the chancellor, doth further direct and decree that, after deducting from the gross proceeds of the sale of said dower-land one-half of the costs of the bill and answers in this cause, but not of the exhibits to the bill, and all the costs of the decree of sale of the dower-land, and of executing the same, including advertising and auctioneer's fees,—one-fourth of the residue of said proceeds or price, and one-fourth of all the rents for said dower-land that have been collected or received therefor by all and any of the officers, receivers, or other agents of the Chancery Court, or by complainant in this cause, whether from proceeds of cotton or otherwise, and one-fourth of all the interest that has accrued on said residue of the proceeds and on said rent moneys, be paid to each of the three defendants, Mrs. Parmela Cockrell, Charles C. Coleman, and Edward C. Pearson, and that the other fourth thereof be paid to or retained by complainant as administrator of John R. Coleman's estate; and that said complainant pay all the costs of this cause in this court, and all the costs in said Chancery Court of Greene county, except so much of the latter as are to be paid, as

[Lee v. Lee.]

above ordered, out of the price of the dower-land, with leave to charge them against the estate of John R. Coleman.

And it is further ordered, that this cause be remanded to said Chancery Court, that these orders of this court may be therein carried into effect.

