[Civ. No. 2042.    Second Appellate District.—October 19, 1916.]

## NATIONAL BANK OF BAKERSFIELD (a Corporation), Appellant, v. W. R. WILLIAMS, as Superintendent of Banks, etc., Respondent.

BANKING ACT—SALE OF PROPERTY—LIABILITY FOR TAXES—CONSTRUCTION OF ORDER AUTHORIZING SALE.—An action cannot be maintained against the superintendent of banks to recover of him, as the grantor of certain real property belonging to an insolvent banking corporation, the amount of the taxes which the grantee was required to pay to protect the property from sale on account of delinquency, notwithstanding such taxes were a lien on the property but not due at the time of the conveyance, where such conveyance was made pursuant to an order of court directing such official to make a conveyance of only such right, title, and interest as the insolvent had in the property, and neither the order, nor the deed, made any reference to taxes.

ID.—DEED—USE OF TERM "GRANT"—COVENANT AGAINST TAXES—WHEN NOT IMPLIED.—While the use of the word "grant" in a conveyance implies a covenant against encumbrances made or suffered by the grantor, and while taxes which were at the date of the grant a lien upon the property conveyed are embraced therein, nevertheless the covenant implied from the use of the term "grant" must be deemed limited by the subject matter of the conveyance.

ID.—SALE UNDER ORDER OF COURT—JUDICIAL SALE—APPLICABILITY OF DOCTRINE OF CAVEAT EMPTOR.—A sale made by the superintendent of banks under an order of court in accordance with the provisions of the Banking Act is a judicial sale, to which the doctrine of *caveat emptor* applies.

ID.—CONFIRMATION OF SALE—NONESSENTIAL ELEMENT.—A confirmation of such a sale is not required, as the order authorizing the sale is sufficient confirmation.

APPEAL from a judgment of the Superior Court of Kern County.    Howard A. Peairs, Judge.

The facts are stated in the opinion of the court.

C. L. Claflin, for Appellant.

Hiram W. Johnson, Jr., and A. A. DeLigne, for Respondent.

SHAW, J.—This is an appeal by plaintiff from a judgment entered in favor of defendant upon the court sustaining a gen-

eral demurrer to the former's amended complaint, without leave to amend.

Briefly stated, the facts so far as pertinent are as follows: At the times in question the business and assets of the Kern Valley Bank, a corporation organized for the purpose of conducting a banking business, were in charge of defendant as superintendent of banks, and in process of liquidation.

In accordance with section 136 of the Banking Act of 1909 (Stats. 1909, p. 115), which provides that "the superintendent of banks shall collect all debts due and claims belonging to it, and upon the order of the superior court may sell or compound all bad or doubtful debts, and on like order may sell all real and personal property of such bank on such terms as the court shall direct," defendant filed a petition in the superior court praying for an order of court empowering and directing him to sell certain real estate therein described to plaintiff for the sum of thirty-one thousand dollars. After due notice, the petition was heard, at which time the court called for other bids and, none being received, the court "ordered, adjudged, and decreed that the said W. R. Williams, Superintendent of Banks of the State of California, and Trustee of the Kern Valley Bank, a corporation in liquidation, be and he is hereby authorized, empowered, and directed to accept the offer of said The National Bank of Bakersfield to sell the property hereinafter described for the sum of Thirty-one Thousand Dollars ($31,000) and he is hereby authorized, empowered and directed to execute unto said The National Bank of Bakersfield a deed conveying to said The National Bank of Bakersfield all the right, title, and interest in said Kern Valley Bank, a corporation in liquidation, to all that certain real property commonly known as the banking premises of said Kern Valley Bank [followed by description of property], upon the payment to said W. R. Williams for and in behalf of said Kern Valley Bank, a corporation in liquidation, the sum of Thirty-one Thousand Dollars ($31,000)." Pursuant to this order directing him so to do, defendant sold and conveyed to the plaintiff all the right, title, and interest of the Kern Valley Bank to said real estate, which property at the time was subject to state, county, and municipal taxes (not then due) for the then current year, the lien for which had attached in March preceding. No reference to taxes was made in the deed or in the order pursuant to

which it was made, and defendant refusing to pay them, plaintiff, in order to protect the property from sale on account of delinquency, paid the same and brought this action to recover upon implied covenants contained in the deed.

It is conceded the superintendent of banks, in the absence of such order, had no power to make the sale and conveyance. Hence, since he was acting as an instrument of the court, the duty of which was to direct the sale upon such terms as it might specify, the power of such agent must be measured by the terms of the order under which he acted. Looking to the order, it appears that he was directed to accept the offer of plaintiff and authorized "to execute unto said The National Bank of Bakersfield a deed conveying . . . all the right, title, and interest in said Kern Valley Bank . . . to all that certain real property," etc. The deed followed the language of the order; the words of transfer used, however, being "*grant,* bargain, and sell all the right, title, and interest" of the Kern Valley Bank. While the use of the word "grant" in a conveyance implies a covenant against encumbrances made or suffered by the grantor (Civ. Code, sec. 1113), and while taxes for the fiscal year, which were at the date of the grant a lien upon the property, are embraced therein (*McPike* v. *Heaton,* 131 Cal. 109, [82 Am. St. Rep. 335, 63 Pac. 179]), nevertheless the covenant implied from the use of the term "grant" must be deemed limited by the subject matter of the conveyance. The order of court, which is the measure of defendant's power, directed a conveyance only of such right, title, and interest as the grantor had in the property, and the deed transferring such interest must be construed as a conveyance of such interest subject to defects in title, liens, or encumbrances of whatsoever nature. (*Sweet* v. *Brown,* 12 Met. (Mass.) 175, [45 Am. Dec. 243].) "Where a deed purports to convey only the right, title, and interest of the grantor, the scope of the covenant of warranty may be limited by the subject matter of the conveyance." (2 Devlin on Deeds, sec. 931.)

Moreover, we are of the opinion that the transaction possesses every element of a judicial sale, to which, if true, the doctrine of *caveat emptor* applies. (*Webster* v. *Haworth,* 8 Cal. 21, [68 Am. Dec. 287]; 3 Freeman on Executions, sec. 335; 17 Am. & Eng. Ency. of Law, p. 1010.)

Appellant claims that, conceding the sale and conveyance were required to be made upon an order of the superior court, no provision is made in the law for an order confirming the same, and hence it is lacking in one of the essential elements of a judicial sale. In our opinion, there is no merit in this contention. It is conceded that the sale could not have been made in the absence of an order of court. As appears from the record, respondent presented a petition showing that he had received an offer for the property; whereupon notice was given of the hearing of the petition, and at the hearing thereof the court itself called for bids thereon and, none being received, directed that the sale be made to plaintiff, and directed defendant, upon the payment of the purchase price, to execute a deed conveying the grantor's right, title, and interest therein to plaintiff. The order itself constituted a confirmation of the sale thus directed to be made, and there remained nothing to confirm. In Freeman on Void Judicial Sales, section 1, it is said: "The true test is, that it (the sale) must be one which is, in contemplation of law, made by the court, and there may be circumstances when such is the case, though there is no pre-existing order directing or authorizing the sale, as where the property is in the hands of a receiver appointed by the court and given power by law to make sales thereof, or of an executor upon whom a power of sale is conferred by the will, if the sale must be reported to, and confirmed by the court." A judicial sale is defined in the American and English Encyclopedia of Law, volume 17, page 953, as follows: "A judicial sale is a sale made under the process of a court having competent authority to order it, by an officer duly appointed and commissioned to sell, which sale, as a general rule, becomes absolute only upon confirmation by the court." Here the sale was made by the court through an officer by law designated in such cases to make the conveyance of the property when so ordered by the court and upon the terms specified therein. It was made under a procedure authorized by law, and in substance is the same as that adopted in effecting sales of property by receivers of national banks as provided by section 5234 of the Revised Statutes of the United States, [5 Fed. Stats. Ann., p. 170; U. S. Comp. Stats., sec. 9821], which transactions are held to constitute judicial sales. Thus, in *Schaberg's Estate* v. *McDonald,* 60 Neb. 493, [83 N. W. 737], it is said: "A sale made by a receiver of a national

bank under an order of a court of competent jurisdiction is a judicial sale." And in *In re Third National Bank*, 4 Fed. 775, it is said: "A sale by a receiver of the property of a national bank, under an order of court, in accordance with the provisions of section 5234 of the Revised Statutes, constitutes a judicial sale."

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.