(130 So. 377)

### Cecil GUTHRIE v. STATE.
### 5 Div. 77.

Supreme Court of Alabama.
Oct. 9, 1930.

Pruet & Glass and A. L. Crumpton, all of Ashland, for petitioner.

Charlie C. McCall, Atty. Gen., opposed.

PER CURIAM.

Petition of Cecil Guthrie for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in Guthrie v. State, 130 So. 374.

Writ denied.

ANDERSON, C. J., and GARDNER, BOULDIN, and FOSTER, JJ., concur.

---

(130 So. 377)

### BELL et al. v. CROWE.
### 7 Div. 955.

Supreme Court of Alabama.
Oct. 16, 1930.

Walter S. Smith, of Birmingham, for appellants.

Pruet & Glass and A. L. Crumpton, all of Ashland, for appellee.

ANDERSON, C. J.

This appeal is taken from a decree of October 31, 1929, confirming a report of the sale of real estate for division among the joint owners, also from a decree of December 20, 1929, refusing to vacate the former decree. Pretermitting other questions involving the right to appeal, or questions involved in the assignments of error, it appears that these appellants have received their distributive share of the proceeds of the sale of the land, and they are in no position to complain of the decree or to assign errors without first making a restitution, or restoration of the status quo. Having received the amount due them, the appellants will be compelled either to dismiss their appeal or refund the money paid. 1 Michie's Digest, p. 336, § 161, and many cases there cited. "One who receives and retains the purchase money of land, sold under a decree, cannot reverse the decree, if the reversal will divest the title." Davis v. Davis, 44 Ala. 342.

The dismissal of the appeal has been pressed upon us upon the ground that the appellants have received the proceeds of the decree. This appeal will therefore be dismissed at the next call of the Seventh division, unless it is properly certified to this court that all sums received by the appellants or paid out upon their order from their respective shares of the proceeds have been refunded to the register, together with interest. Riddle v. Hanna, 25 Ala. 484.

True, W. R. Bell is one of the appellants, and it does not appear that he was paid anything, but the record discloses that his interest was acquired by T. R. Bell before the sale and who was made a party and who is not complaining.

Appeal to stand dismissed if the restitution is not made as above indicated.

SAYRE, THOMAS, and BROWN, JJ., concur.