**BUCKHOLTS et al. v. ALSUP et al.**
No. 4264.

Court of Civil Appeals of Texas. Texarkana.
Dec. 1, 1932.

Rehearing Denied Dec. 8, 1932.

R. E. Bowling, of Pauls Valley, Okl., and B. W. Patterson, of Eastland, for appellants.

M. G. Mell, of Gilmer, W. R. Abernathy, of McKinney, M. S. Church, and Prentice Wilson, both of Dallas, J. F. O'Brian, of Gilmer, and H. Tom Kight, of Claremore, Okl., for appellees.

LEVY, J. (after stating the case as above).

The chief points presented for decision are that (1) the tax sale did not divest appellants of the title to their lands, but as to them was absolutely void, because the proceedings were against the unknown heirs of H. Alsup and did not include any other parties, either known or unknown, and because there were certain irregularities which were enumerated; and (2) in the facts proven the appellants made proper and timely tender of the required amount of money, and they were legally entitled to redeem the land from the tax sale. As the conclusion reached upon the second point accomplishes an object of the suit and is conclusive of the appeal, a ruling upon the first point is entirely foregone as unnecessary, although presenting a serious question as to the validity of the tax judgment and the sale thereunder.

By the findings of the court the plaintiffs, who are appellants here, were the owners of the land in fee simple when the tax suit was instituted, and were only divested of their title by reason of the tax suit and sale for delinquency in making payment. That the plaintiffs were entitled to redeem the land from the foreclosure sale for taxes. That on July 3, 1931, the plaintiffs made proper tender to the private purchasers of the land at the tax sale of "an amount of money sufficient to redeem said property from tax sale." The further findings pertinent to state were made:

"14. That on July 2, 1929, the lands and premises were sold by the Sheriff of Upshur County, Texas, and the defendants, R. C. Barnwell and C. H. Roberts, of Upshur County became the purchasers for Two Hundred and Ninety Six Dollars and sixty seven cents ($296.67), and due return was made by the sheriff of Upshur County.

"15. That the sheriff's deed was of date July 10, 1929, conveying the property to R. C. Barnwell and C. H. Roberts, the purchasers of said land."

There was evidence going to show and the court made the finding that the record of the tax collector of Upshur county has the entry that "on July 17, 1929, R. C. Barnwell and C. H. Roberts paid to such Tax Collector the amount of their bid for said property and the payment was endorsed on the delinquent tax records of Upshur County, Texas.'"

The controlling question, therefore, in this case is, When land is sold under judgment of court for state and county taxes to private purchasers, has the owner of such land, or any one having an interest therein, two years within which to redeem the same from the day the property was actually bid off by the purchaser, or should this time be computed from the time the bidder at such sale pays the amount of money? The statutes bearing upon the point involved and the requirements thereof are as here stated. By article 7328 (as amended by Acts 1927, 1st Called Sess., c. 99, § 1 [Vernon's Ann. Civ. St. art. 7328]) it is provided that after a judgment is rendered foreclosing a tax lien for delinquency in payment of past due and unpaid taxes "an order of sale shall issue and the land sold thereunder as in other cases of foreclosure," and on the day appointed by the statute, "the sheriff shall sell the same at public outcry to the highest bidder for cash." Article 7330 (under Acts of 1897) provides: "In all cases in which lands have been sold, or may be sold, for default in the payment of taxes, the sheriff selling the same, or any of his successors in office, shall make a deed or deeds to the purchaser or to any other person to whom the purchaser may direct the deed to be made," etc. But article 7328, supra (enacted in 1923), although bearing upon another situation, has the following wording: "The sheriff, in behalf of the State, shall execute a deed conveying title to said property when sold and paid for." Article 7284b, Vernon's Ann. Civ. St., declares that: "Whenever land is sold under a decree and judgment of court for taxes levied by or for the State, or by or for any County within the State, the owner of such property, or any one having an interest therein, shall have the right to redeem the same at any time within two years from the date of such sale upon payment of double the amount paid by the purchaser at such sale; provided that the purchaser at such foreclosure sale, and his assigns, shall not be entitled to the possession of the property sold for taxes until the expiration of two years from the date of such sale."

As may be seen from the statute, the limitation upon the right of the owner to redeem is made to begin "from the date of such sale." The inquiry then is, What is meant by the words "from the date of such sale," as used in the statute? They either mean the date of the auction when the property was knocked down to the highest bidder, or they mean the time of the executed sale when the bid was complied with by the purchaser and he had the right to have the legal title conveyed to him. The intention must govern. The tax foreclosure requires and includes not only an auction and a highest bidder, but also a compliance with the terms of the offer or bid. It is quite manifest that the purchaser acquires no title to the property simply and solely by virtue of the fact that it was knocked off to him as the highest bidder at the sale. For if he refuses to pay the money at once upon request, the sheriff has the option and can resell the property under the same process. The very purpose of having the auction is the collection of the tax, and that purpose is not accomplished until there is payment in money of the offer or bid. And it is only on the actual payment in money of the bid by the purchaser that all authority of the sheriff to proceed further against the property

will be at an end. Carter v. Munzesheimer (Tex. Civ. App.) 272 S. W. 277. The bidder is not entitled to his deed from the sheriff until he tenders and pays the amount of his bid, and until this is done he has no interest in the property. 24 Cyc. p. 49. The statute seems to imply that the deed to the property sold shall not be executed by the sheriff until paid for by the bidder. It is believed by proper construction there is no "sale" until the date the bidder at such sale has paid in cash the amount of his bid. By express provision of section 13 of article 8 of the Constitution of the state as relates to the summary remedy of tax sales, the limitation upon the right of the owner to redeem is made to begin "from date of purchaser's deed." It is thought to be only reasonable that the Legislature, in making provision for tax proceedings by judgment of the court, intended and meant the same executed sale as the "sale" required to be made.

 In this case it seems that the sheriff made official return touching the sale of the property on July 2d, with entry of the fact that the property was sold to the purchasers named. But it further appears that the deed to the purchasers was not executed and acceptance of the money had until July 10th. Ordinarily the acceptance of the money and the execution of the deed would have the effect of ratifying all that had been previously done, and relate back and make a sale effectual. But relatively to the right of the owner to redeem the land the "sale," in view of the purpose and intent of the statute, may not be considered as complete until actual payment of the amount bid by the bidder. Manifestly the statute did not intend that the limitation to the right to redeem should begin to run before the date the purchaser himself had actually paid out any money for the property. The purchaser acquires no title until he pays the amount of his bid. According to the recognized rule, the statutes which give the right to redeem are to be regarded favorably and construed with liberality. 2 Cooley on Taxation (3d Ed.) p. 1025; Black on Tax Titles, § 350. It is believed the construction above given to the statute is supported by similar cases. Houston, E. & W. T. Ry. Co. v. Keller, 90 Tex. 214, 37 S. W. 1062; Wood v. Henry, 107 Ga. 389, 33 S. E. 410.

██ The proof showing the owners did all that was required to redeem the land, that fact required judgment in favor of appellants in the cancellation of the tax deed, and judgment for the purchasers for the amount of the tendered money. McGraw v. Potts (Tex. Civ. App.) 27 S.W.(2d) 550.

The judgment is reversed, and accordingly here rendered. The appellees to pay costs of this appeal and of the trial court.