168 So. 894

**TANNER et al. v. WHITEHURST.**

I Div. 906.

Supreme Court of Alabama.

June 11, 1936.

V. R. Jansen and Wm. J. Young, both of Mobile, for appellants.

Jesse F. Hogan, of Mobile, for appellee.

**PER CURIAM.**

Upon consideration of this cause in consultation, the majority conclude that the averments of the bill did not suffice to overturn the general rule that one relying upon tax title has the burden of establishing the regularity of the proceedings—there being nothing offered by defendants which made out a prima facie case for such regularity. Morris v. Waldrop, 213 Ala. 435, 105 So. 172.

The court is in accord with all that is said in the opinion of Justice GARDNER, to whom the case was first assigned for consideration, with the exception above noted, which exception, however, presents a vital difference and leads to an opposite result. Under this view, the decree is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and BOULDIN, BROWN, FOSTER, and KNIGHT, JJ., concur.

GARDNER and THOMAS, JJ., dissent.

**GARDNER, Justice (dissenting).**

*On Motion.*

The motion to dismiss the appeal is not well taken. Security for cost was duly given and approved, with the recital that it was on behalf of Eula Tanner and her three minor children therein named. Under the statute (section 6143, Code), the adult defendant Eula Tanner could appeal by giving the required security and the minors made parties as therein provided. But no necessity exists in the instant case for this procedure for the reason that the guardian ad litem here appears, joins in the appeal, and assigns error. This voluntary appearance suffices for all purposes. Beatty v. McMillan, 226 Ala. 405, 147 So. 180; Mancill v. Thomas, 216 Ala. 623, 114 So. 223.

The final decree from which the appeal is prosecuted orders a sale of the property and a reference. Clearly the mere fact that these appellants voluntarily appeared at the reference and participated therein cannot be said to work a forfeiture of the right to appeal. There existed also a right to appeal without superseding the decree, and the mere fact that at the sale Eula Tanner was the highest bidder for the property does not operate as an estoppel or waiver of this right. No confirmation of sale is shown, and therefore no completed sale appears. Any one purchasing the mortgage of one of the tenants in common on the strength of any such unconfirmed and incomplete sale would do so at his own risk. The principle of caveat emptor would plainly apply. The principle of the cases cited by appellee (Phillips v. Towles, 73 Ala. 406; Shannon v. Mower, 186 Ala. 472, 65 So. 338; Bell v. Crowe, 221 Ala. 609, 130 So. 377) rests upon the exercise of the discretionary power of the court "for the prevention of injustice, oppression, or vexation" (Phillips v. Towles, supra), which we consider entirely inapplicable here.

The motion to dismiss the appeal is therefore overruled.

*On the Merits.*

As to the merits of the cause, little need be said. Appellants question the jurisdiction of the court upon the theory that defendant W. H. Tanner, Jr., through whom they claim title, was not a tenant in common with the other parties to the suit, but claimed independently thereof. This question we consider as settled adversely to appellants in Sandlin v. Anders, 210 Ala. 396, 98 So. 299, construing section 9334 of the Code, with later adjudications found noted in Alexander v. Landers, 230 Ala. 167, 160 So. 342.

As to the matter of res adjudicata, it is conceded that all defenses, including those of this character, may be set up in the answer. Section 6547, Code. But we do not consider it was sufficiently alleged in the answer of these appellants so as to con-

stitute an issue in the cause. Clearly the answer of W. H. Tanner, Jr., did not suffice. It merely made reference to a cause then pending, with the added averment that the purpose of the bill was unknown. And these appellants, as his heirs, added nothing in the answer except that the suit previously pending had been determined favorably to Tanner. At the most, we think these answers in connection with the bill's averments may be possibly construed as showing a determination of the one question that there was no such contract between the tenants in common as heirs of Robert Page and E. G. Simpson, as would justify any decree of specific performance. And we may add that a consideration of the proof fully justifies such conclusion.

Appellants argue also that the tenants in common should be required to pay for the permanent improvements placed on the property by W. H. Tanner, Jr., after his purchase from Simpson. But here again we find no reference to any such claim in the pleadings, and it would seem the chancellor was justified in ignoring this matter as an issue in the case. We may note, however, in passing, that in the case of Davis v. Elba Bank & Trust Co., 216 Ala. 632, 114 So. 211, cited by appellants, the improvements were made with the knowledge and consent of all parties, a question upon which this record is silent, and we express no opinion concerning the same.

Upon the question of title appellants claim under a deed from E. G. Simpson who purchased from the state auditor July 30, 1929, the state having purchased the land when the same was sold for unpaid taxes for the year 1926, Simpson having executed a deed to W. H. Tanner, Jr. (appellants are his heirs), in May, 1930, and placed him in possession, which possession continued to the institution of this suit. The heirs of Robert Page showed his prior possession, and some acts of ownership by them after his death. Doubtless relying upon the presumption of title and right to recover on such prior possession (Wilson v. Glenn, 68 Ala. 383; 5 Eng.Dig. p. 271), the tenants in common insist the burden was upon these appellants to show the regularity of the tax sale. Conceding for the purpose in hand, this would be the ordinary rule, yet we think complainant in her bill has assumed for herself this burden (19 Corpus Juris, 1154). She has not relied upon prior possession for presumptive title, but the bill discloses the sale of the property for its taxes, the lapse of time when the state auditor sold the property to Simpson and the sale by Simpson to W. H. Tanner, Jr. No facts are shown in any manner impeaching the regularity of these proceedings, but complainant has the general averment that the deed to Simpson was effective only to convey the lien of the state. The answer specifically denies any such limitation upon the effectiveness of such deed. No proof whatever appears in this record upon this question.

Under this state of the pleading and proof, the conclusion is that the decree should be reversed and the cause remanded for further consideration on evidence touching the title to the property, and these appellants' rights appertaining thereto.

I therefore respectfully dissent, and am authorized to state Justice THOMAS concurs in these views.