269 So.2d 99

**ALCO LAND AND TIMBER COM-PANY, INC.**

v.

**Richard P. BAER, II.**

**1 Div. 722.**

Supreme Court of Alabama.

Aug. 3, 1972.

Rehearing Denied Nov. 30, 1972.

T. Massey Bedsole, Mobile, Norborne C. Stone, Jr., Bay Minette, for appellant.

C. Lenoir Thompson, Bay Minette, Samuel L. Stockman and W. A. Kimbrough, Mobile, for appellee.

HEFLIN, Chief Justice.

On December 3, 1971 the Circuit Court of Baldwin County, Alabama, in Equity, rendered a decree permitting appellee-complainant Richard P. Baer, II to redeem certain lands from a judicial sale at which appellant-respondent Alco Land and Timber Company, Inc. was the purchaser. The bill for redemption was filed on July 30, 1971.

On October 28, 1969, the lower court in the parent case rendered a decree directing that certain lands belonging to the appellee-complainant Baer be sold for cash and the Register of the lower court was appointed as Commissioner to sell and convey said lands at a private sale after required and defined notice.

All bids were received on the above-mentioned lands on December 30, 1969. The highest bid received was from one John Thomas in the amount of $950,000; the next highest bid was received from the appellant-respondent Alco in the amount of $511,150. In the following January the high bid was accepted by order of the court, subject to confirmation, and Thomas was directed to make a deposit of $95,000 no later than January 19, 1970.

On February 9, 1970 the court, due to the failure of Thomas to make the required deposit, was presented with a motion by the Commissioner to authorize her to sell the land to appellant-respondent at and for its bid price. This motion was heard and granted by the court on February 25, 1970, at which time the president of appellant-respondent Alco testified that his company was willing to purchase the lands and that the required deposit had been deposited with the court on behalf of his company. The court at this time stated in open court that it would take some time to work out the details and that the appellant-respondent would not be required to pay the balance of the purchase price until the deed was received. The same day the appellee-complainant Baer, acting by and through his attorneys, entered into a letter agreement with the appellant-respondent Alco which provided that Baer " . . . shall have 1 year from date of confirmation of sale to Alco within which to redeem . . . in accordance with the applicable provisions in Title 7 § 737 et seq. . . . ."

On February 26, 1970 a decree was entered granting the motion of the Commissioner, declaring the bid of the appellant-respondent Alco to be the highest and best bid and directing the payment to the Commissioner of the deposit. The court acted again on March 11, 1970; however, the parties are in disagreement as to the effect of the decree of that date. The appellant-respondent Alco contends that the court issued a decree confirming the sale; the appellee-complainant Baer argues that the decree issued was not a decree confirming the sale, but rather an order directing the Commissioner to execute a deed conveying the lands of Baer "upon the payment" by Alco to the Commissioner of the balance of the purchase price. These proceedings will be considered in detail hereinafter.

On July 31, 1970 John Hancock Mutual Life Insurance Company petitioned the court for payment of the amount due it under a mortgage, and the court entered a decree granting the petition. The decree also directed the Commissioner to deliver the deed to Alco and the deed was dated, delivered and recorded on the same day, July 31, 1970. Also a receipt was given showing payment of the balance of the purchase price by Alco on that date.

Baer, on July 30, 1971, filed a bill for redemption, and in due time, the cause having come on for hearing, Baer was allowed to redeem the real estate, the rendition date being December 3, 1971. On the day that the decree was rendered, Baer paid to the Register the sum of $557,282.-55, the Register's deed was executed and recorded and a deed from the appellee-complainant Baer conveying the subject lands to a third party was executed and recorded. Six days after the rendition of the decree the Register disbursed the proceeds to Alco in the amount of $553,417.14, which the appellant-respondent Alco duly accepted. Appeal was perfected on December 16, 1971.

The first issue to be considered, as presented by the appellee-complainant's motion to dismiss the appeal, is whether the receipt of the proceeds by Alco precludes the maintenance of an appeal attacking the right of Baer to redeem the real estate.

The general rule in Alabama is that an appellant who has received proceeds under a judgment or decree which is challenged by appeal must make restitution of the proceeds as a condition precedent to the continuation of his appeal or suffer dismissal. Riddle v. Hanna, 25 Ala. 484; McCreeliss v. Hinkle, 17 Ala. 459; Hall v. Hrabrowski, 9 Ala. 278; Grief Bros. Cooperage Corp. v. Stacey, 257 Ala. 196, 58 So. 2d 122; Bell v. Crowe, 221 Ala. 609, 130 So. 377; and Garner v. Prewitt, 32 Ala. 13.

This general rule, however, is not without exception, and the application of the exception works to the benefit of the appellant, not the appellee. The exception allows the appellant to maintain his appeal without refunding the proceeds received under the decree from which he appealed. This exception applies in cases where the appellee would suffer no injury as a result of allowing the appeal while the appellant retains the proceeds. This exception was stated in Garner v. Prewitt, 32 Ala. 13, 22 as follows:

"The appellant should always be denied the benefit of a revision of any particular branch of a decree, while he holds on to the benefits derived from its execution; unless, peradventure, it might appear, as it did in McCreelis v. Hinkle, that no injury would result to the opposite party from a different course."

This non-injury oriented exception has been expanded to cover cases wherein the appellant could not, on retrial, recover less than the amount of the appealed decree. Elmore v. Cunninghame, 208 Ala. 15, 93 So. 814 (1922); Grief Bros. Cooperage Corp. v. Stacey, 257 Ala. 196, 58 So.2d 122 (1952); McCalley v. Otey, 103 Ala. 469, 15 So. 945 (1893); McCreeliss v. Hinkle, 17 Ala. 459 (1850); Phillips v. Towles, 73 Ala. 406 (1882).

In the *Phillips* case, supra, an appeal was taken from a decree of a probate court settling appellee's accounts as guardian of the estate of appellant, a minor. The decree below awarded appellant $12,864.45, and appeal was taken after an execution was fully satisfied by payment. Appellee moved to dismiss the appeal on the ground that appellant had received satisfaction of the judgment before appeal was taken. In denying the motion this court stated:

"That, in all cases of appeals from the chancery and the probate courts, whose decrees are of a peculiar nature, and not necessarily entireties, as are judgments at law, if a certain sum is admitted to be due by the defendant in execution, or there seems to be no controversy or bona fide dispute as to the fact that the sum recovered by the appellant is actually

due, so that the appellate court can clearly see, from the facts presented in the record, *that upon a new trial a less sum will not again be recovered by the plaintiff, the motion to dismiss, or stay proceedings, ought to be refused.* In cases of this character, there can be no injustice, or vexatious oppression to the defendant, in allowing the plaintiff to receive that to which he is unquestionably entitled, and to confine future litigation only to so much of plaintiff's claim as may be bona fide disputed." (Emphasis added)

In McCreeliss v. Hinkle, supra, this court stated:

"Both of those cases [Hall v. Hrabrowski, 9 Ala. 278; and Bradford v. Bush, 10 Ala. 274], however, were suits at law, and satisfaction of the judgments had been coerced by executions. In delivering the opinion the court said that it was obviously unjust to permit the plaintiff to collect the amount of the judgment of which he was complaining and at the same time to prosecute a writ of error, for if the judgment be reversed he might on another trial fail entirely to recover any thing. I fully agree in the propriety of these decisions, but do not think they are applicable to the case at bar. The very ground on which the court went in suspending all proceedings upon the writ of error unless the plaintiff would refund the money, was that on another trial the plaintiff might fail to recover altogether and thus be in possession of money to which he was not entitled. But I apprehend that these decisions would not apply to a case in the Orphans' or Chancery court, if it plainly appears from the showing or answer of the defendant that the plaintiff could not recover less than the amount awarded to him by the decree. *The power thus exercised by the appellate court, to compel the plaintiff to refund the money or dismiss his writ of error, seems to me to be a discretionary one and may be well exercised when the conduct of a party is*

*vexatious or oppressive, and may ultimately result to the injury of the other, but when the defendant can, in no aspect of the case be injured by the plaintiffs' receiving the money and this is paid without compulsion, I see no good reason why we should make an order on the plaintiff to refund the money or to submit to a dismissal of his writ."* (Emphasis supplied)

In the instant case now on appeal it is apparent that Alco would not receive a lesser sum on a new trial, if such was ordered. Obviously, the defeat of Baer's redemption would involve the restitution of the proceeds which Alco has received. This court fails to see how an injustice or injury has resulted or will result to Baer, if redemption is disallowed, by Alco receiving the money pending appeal. If the money had remained with the Register pending the appeal no benefit would have accrued to Baer. Thus, this court denies the motion to dismiss.

■ The primary issue presented on the merits of this case is whether the appellee-complainant's bill to redeem was timely filed, which necessarily depends upon when the one year period of redemption begins to run. The pertinent Alabama statute (Section 727 of Title 7 of the Code of Alabama, 1940, as amended), reads as follows:

"Where real estate * * * is sold * * * by virtue of any decree in the circuit court * * * the same may be redeemed by the debtor * * * from the purchaser * * * within one year thereafter * * *."

The statute clearly states that the one-year period runs from the time the property is "sold". The question to be decided is when is the property sold, or when is a judicial sale complete so as to commence the running of the one-year period of redemption.

Appellee-complainant Baer contends the one-year period of redemption commenced on July 31, 1970 (the date of full payment) since a judicial sale on a cash basis is not

complete until the purchase money has been fully paid by the bidder. Appellant-respondent Alco takes the position that the one-year period of redemption started running on March 11, 1970, which it contends was the date of the decree of confirmation. Alco further contends confirmation fixed the status of the parties and their interests and that the redemption suit was filed after the expiration of the one-year period.

A number of states have held that the redemption period runs from the date of confirmation, since until then the sale is not final and complete. See Bundy v. Wills, 88 Neb. 554, 130 N.W. 273; Lowry v. M'Ghee, 16 Tenn. 242 (8 Yerger's Rep. 242) and other cases appearing in 101 A. L.R. 1348, 1357–59. Others compute the redemption period from the date of payment, the rationale being that the bidder acquires no title to the property solely by virtue of the fact that it was "knocked off" to him, because the sheriff can resell it upon default in payment by the successful bidder. See Buckholts v. Alsup, 56 S. W.2d 301 (Tex.Civ.App.) and other cases appearing in 101 A.L.R. 1348, 1353–1355. Still other states have computed the redemption period from the day of the sale. Pennsylvania Co. v. Broad Street Hospital, 354 Pa. 123, 47 A.2d 281; Union Building & Loan Association of Camden, N. J. v. Childrey, 97 N.J.Eq. 20, 127 A. 253; See Annotation, 101 A.L.R. 1348, 1349–53. Various other jurisdictions have held that the period of redemption runs from the delivery, recording or filing of the deed. Cason v. United Realty & Auction Co., 158 Ga. 584, 123 S.E. 894 (1924); MacLeod v. Hoover, 159 La. 244, 105 So. 305 (1925). See Annotation 101 A.L.R. 1348, 1355–57. For a summary statement of various holdings see 47 Am.Jur.2d, Judicial Sales, Section 345.

In support of his argument that the one-year period begins to run at the time of payment appellee-complainant cites Wood v. Henry, 107 Ga. 389, 33 S.E. 410 (1899); Cason v. United Realty & Auction Co., supra, and Buckholts v. Alsup, supra,

all three of which involved a tax sale. The *Wood* case, although holding that the period of redemption begins to run from the time the successful bidder pays the purchase money, based its holding on the Georgia law, stating:

"* * * the purchaser acquires no title to the property simply and solely by virtue of the fact that it was knocked off to him as the highest bidder at the sale; for if he refuses to pay, the sheriff, at his option, can resell the property. * * * The bidder is not entitled to his deed from the officer until he tenders payment of the amount of that bid, and until this is done he has *no interest* in the property, either legal or equitable. * * * The law did not intend that the period of limitation as to redemption should begin to run before the purchaser had acquired some sort of title or interest in the land by virtue of the sale. * * *" (Emphasis supplied)

This reasoning was applied in *Cason* as well as the *Wood* case.

*Buckholts* was decided under the Texas redemption statute, which, just as the Georgia statute, is similar to the Alabama law in that the beginning of the redemption period turns on the word "sold". Vernon's Ann.Civ.St. art. 7328; Rev.St.1925, art. 7330. The Texas court, in holding that the redemption period runs from the time of payment, reasoned that a "tax foreclosure requires and includes not only an auction and a highest bidder, but also a compliance with the terms of the offer or bid" (56 S.W.2d at page 304). The court said, as to the bidder's interest in the property, that he acquires no interest in the property simply by virtue of the fact that it was knocked off to him, because if he fails to pay the sheriff may resell it.

In Harduval, et al. v. Merchants' & Mechanics' Trust & Savings Bank, 204 Ala. 187, 86 So. 52, this court observed:

"A purchaser at a judicial sale, that is, one whose offer to purchase is accepted by the officer authorized to make the

sale, subject to confirmation by the court in due course, acquires vested rights which are entitled to protection. Thenceforward he is a quasi party to the proceeding, is bound by the decree of confirmation or rejection, and subject to the orders of the court with respect thereto. 16 R.C.L. 113, § 81; Haralson v. George, 56 Ala. 295. He may, of course, appeal from any final order or decree injuriously affecting his right as purchaser. Glennon v. Mittenight, 86 Ala. 455, 5 South. 772; Blossom v. Milwaukee, etc., R. Co., 1 Wall. 655, 17 L.Ed. 673. And he is entitled to have the sale confirmed, in the absence of irregularity, misconduct, fraud, mistake, or gross inadequacy of price amounting in itself to fraud. Littell v. Zuntz, 2 Ala. 256, 36 Am.Dec. 415; Cockrell v. Coleman's Adm'r., 55 Ala. 583; Glennon v. Mittenight, 86 Ala. 455, 5 South. 722; Helena Coal Co. v. Sibley, 132 Ala. 651, 32 South. 718."

The rights and interests of a purchaser at a judicial sale were further elaborated on by this court in Hayes, et al. v. Betts, 227 Ala. 630, 151 So. 692, when this court stated the following:

"In 16 R.C.L. page 113, § 81, the rule on the above subject is thus stated: 'Bidders and purchasers at a judicial sale under a decretal order make themselves parties in interest to the proceedings for some purposes, they were not parties originally. They subject themselves quoad hoc to the jurisdiction of the court in that suit as to all matters connected with the sale or relating to them in the character of purchasers. Accordingly, they have the right to interfere in the proceedings for their own benefit and protection and for the correction of mistakes, and to appear, represent their own interests, and claim at the hands of the court such relief as the rules of equity proceedings entitled them to. They become subject to the future orders of the court, are bound as parties by the decree of the court confirming or setting aside the sale, and *can be compelled by*

*summary processes of the court, so long as the court's control over the cause and the parties continues, to perform their agreement specifically or otherwise.'* * * *"  (Emphasis supplied)

Thus, under Alabama law the purchaser at a judicial sale acquires an interest in the property at the time he makes the highest and best bid. Under our decisions the rationale of *Wood, Cason* and *Buckholts* would not be applicable.

The case of Campbell v. Carter, 248 Ala. 294, 27 So.2d 490, involved a private judicial sale conducted pursuant to an order of sale designating commissioners to sell the land either publicly or privately. This court, in that opinion, wrote:

"Pursuant to this authority a private sale of the property was negotiated and finally consummated with appellee, who made a deposit of $500 and was ready and able to pay the balance when the sale should be confirmed by the court. The appellee, at this judicial sale, thus became the purchaser—'that is, one whose offer to purchase is accepted by the officer authorized to make the sale, *subject to confirmation by the court in due course.'* Harduval v. Merchants' & Mechanics' Trust & Savings Bank, 204 Ala. 187, 188, 86 So. 52.

"Though the sale is regarded as in negotiation and *is not complete until confirmed by the court,* the bidder to whom the property is sold is recognized as the purchaser. He becomes a quasi party to the cause, acquires certain equities in the property, and is subject to the decretal orders of the court with reference to the sale. Taylor v. Wilson, 233 Ala. 182, 170 So. 833; Harduval v. Merchants' & Mechanics' Trust & Savings Bank, supra."  (Emphasis supplied)

In Woodall et al. v. Orr, 219 Ala. 681, 123 So. 220, in connection with a judicial sale this court stated:

"* * * This was a strictly judicial sale wherein the court was, in legal ef-

fect, the seller, *and until confirmation, is incomplete,* and confers no title either legal or equitable. McEachin v. Warren, 92 Ala. 554, 9 So. 197; Aderholt v. Henry, 82 Ala. 541, 30 So. 114; Witter v. Dudley, 42 Ala. 616; Mobile Branch Bank v. Hunt, 8 Ala. 876; Cruikshank v. Luttrell, 67 Ala. 318; Patten v. Swope, 204 Ala. 169, 85 So. 513; 16 R.C.L. p. 114 et seq." (Emphasis supplied)

The finality of a decree of confirmation was commented on by this court in Hendrix v. Francis, 203 Ala. 342, 343, 83 So. 66, 67, as follows:

"A decree, order, or judgment confirming or setting aside a judicial sale is final in the sense it will support an appeal. A motion to confirm or set aside a sale is in a sense an independent or new proceeding, and a judgment or order finally disposing of the motion, whether by granting or denying the motion, if entered of record, is final as for the purpose of supporting an appeal."

The foregoing Alabama cases, although not having decided the precise issue in question, have persuaded this court that the one year period of redemption should begin to run from the date of the confirmation decree. This holding is also in keeping with the letter agreement dated February 25, 1970 which evidences the parties' interpretation of the statute at that time.

The next question that this court must answer is: When was the sale confirmed in this case.

Alco contends that the sale was confirmed by the court on March 11, 1970. Baer asserts that the proceedings held on March 11th consummated in an order to the Commissioner to convey the land upon payment by Alco, which he asserts is not tantamount to confirmation. Baer insists that confirmation did not take place until July 31, 1970, when the court directed the Commissioner to deliver the deed to Alco.

The orders and decrees contained in the transcript are lacking in complete clarity on this point. The decree of March 11, 1970 was captioned "DECREE CONFIRMING SALE" and recited in its first paragraph that "the court . . . is of the opinion that the sale . . . to Alco Land and Timber Co., Inc., should be confirmed . . .." That portion of the decree which followed the words: "ORDERED, ADJUDGED and DECREED by the Circuit Court of Baldwin County, Alabama, in equity, . . ." did not contain any statement confirming the sale, but merely authorized the Commissioner to deliver a deed to the appellant-respondent upon the payment of the balance of its entire bid price. The lower court's final decree of December 3, 1971, however, did not refer to either the caption or first paragraph of the March 11, 1970 decree. What it did state as to that decree was that "On March 11, 1970 this court ordered the Commissioner to execute and deliver to the respondent a deed . . . . upon the payment by the respondent of the balance of its entire bid price . . .."

Baer contends that the use of the words "upon the payment" in the March 11th decree had the effect of delaying confirmation until final payment, which was July 31, 1970. However, the words "upon the payment" condition the delivery of the deed, not the confirmation of the sale. Baer also contends that the March 11th decree was not an adjudication of confirmation, because the judge did not "order, adjudge and decree" that the sale was confirmed, as the statement of confirmation preceded the words "ORDERED, ADJUDGED and DECREED" in the decree. Weems v. Weems, 253 Ala. 205, 43 So.2d 397 (1949).

That portion of the decree ordering the Commissioner to convey the land to Alco upon payment, which was unquestionably an adjudication, was dependent upon confirmation of the sale by the court. An order of the court directing that a deed be made has been held to be, in effect, a confirmation of the sale. National Bank of

Bakersfield v. Williams, 31 Cal.App. 705, 161 P. 504.

There is further evidence that March 11, 1970 was the confirmation date. The certificate of the lower court to the deed dated July 31, 1970, which was given by the Commissioner to the appellant-respondent Alco, contained the following language:

"I, Telfair J. Mashburn, Judge of the Circuit Court of Baldwin County, Alabama, In Equity, do hereby certify that the sale of the property conveyed by the foregoing deed was duly confirmed by said court under and by virtue of a decree dated March 11, 1970, and the above conveyance is properly made and said Commissioners deed is hereby ratified and confirmed."

Although the above certificate and the March 11th decree state that the sale was confirmed on March 11th, Baer contends the final decree stated that the sale had been confirmed by the decree of July 31, 1970. An examination of the July 31st decree reveals that it confirmed the deed, not the sale. The aforementioned orders and decrees lead to the conclusion that the sale was confirmed on March 11, 1970 and appellee-complainant Baer's bill to redeem was not timely filed.

This cause is reversed and remanded with instructions to the Circuit Court of Baldwin County, in Equity to ascertain, first, the amount required to be paid to the Register by the appellant to make proper restitution and thereafter order, adjudge and decree that, upon the payment of such amount by the appellant to the Register of that court within such reasonable time as that court may direct, legal title to said real estate be divested out of the appellee or any successor, transferee, or assign thereof and into appellant; that the Register of said court execute and deliver a deed conveying said real estate to the appellant. Said court is further directed to make such other orders and decrees as are necessary to effectuate a status quo of the parties as such existed prior to the institution of the redemption action.

Motion to dismiss denied.

Reversed and remanded with instructions.

MERRILL, HARWOOD, MADDOX and McCALL, JJ., concur.