THOMPSON, Judge.
Arthur Lynn appeals from a judgment declaring that Janna Dodge had the right to redeem certain property purchased by Lynn at a judicial sale.
Dodge lives in Pensacola, Florida. She inherited certain real property in Escambia County, Alabama, which is at issue in this case. A third party obtained a judgment against Dodge in the small claims court of Covington County, Alabama. Pursuant to a court order, the real property owned by Dodge in Escambia County, Alabama, was sold by the sheriff of Escambia County to satisfy the judgment. Lynn purchased the property on March 21, 1994, at the judicial sale. There is some question as to whether service of process was proper in the small claims action. Dodge testified that she had had no knowledge of the proceedings against her or for the sale of her property. However, at trial, Dodge stipulated that the small claims judgment was valid.
Lynn was given a “sheriffs bill of sale” on March 21,1994, when he purchased the property at the judicial sale. Dodge claims to have first learned of the sale of the property in December 1994, when she returned to Escambia County to pay property taxes. Dodge filed the complaint in this action on February 24, 1995, seeking to clear the title to the property. A sheriffs deed was executed and recorded on April 5, 1995. On January 15, 1996, Dodge gave notice of her intention to exercise her right of redemption; she amended her complaint on March 6, 1996, to seek redemption of the property.
Following a hearing, the trial court entered an order providing that Dodge could redeem the property if, within 30 days of the order, she repaid, with interest, the money expended by Lynn on the property. Lynn appealed. The Supreme Court of Alabama transferred this appeal to this court, pursuant to § 12-2-7, Ala.Code 1975.
Although the trial court conducted an ore tenus hearing, no presumption of correctness *90 applies to its determination, because the facts in this case were essentially undisputed. Home Indem. Co. v. Reed Equipment Co., 381 So.2d 45 (Ala.1980). Where, as here, the facts are undisputed, the appellate court must determine whether the trial court properly applied the law to those undisputed facts. Craig Constr. Co. v. Hendrix, 568 So.2d 752 (Ala.1990).
The issue on which this appeal turns is whether a judicial confirmation of the sale of Dodge’s property to. Lynn pursuant to a judicial sale is required. Section 6-5-248(b), Ala.Code 1975, provides: “All persons named or enumerated in subdivisions (a)(1) through (a)(7) may exercise the. right of redemption granted by this article within one year from the date of the sale.” Dodge argues that under the authority of Alco Land & Timber Co. v. Baer, 289 Ala. 567, 269 So.2d 99 (1972), the one-year limitation would not begin to run until the trial court issued a confirmation order on the sale of the property to Lynn. It is undisputed that no confirmation order was issued by the court on the sale of the property to Lynn. Lynn argues that no confirmation order was required to make the judicial sale effective, that the sale of the property to him was effective as of the date of the sale, and that the one-year period in which Dodge could assert her right of redemption expired before she elected to assert that right.
The express language of § 6-5-247, Ala.Code 1975, which defines the term “sale” for the purposes of the Code sections dealing with the right of redemption, does not expressly require that a judicial sale be confirmed.[1] However, in Alco Land & Timber Co. v. Baer, supra, Chief Justice Heflin, writing for the Supreme Court of Alabama, thoroughly analyzed Alabama case law on the issue of the effects of a confirmation of a judicial sale and concluded that the one-year period for redemption of property sold pursuant to a judicial proceeding begins to run at the time the sale is confirmed by the trial court. This court has also noted that a confirmation order by the trial court is the final requirement in a sale of property pursuant to a judicial sale. Wesley v. Brandon, 419 So.2d 257 (Ala.Civ.App.1982). “[A]ny judicial sale made, whether by public auction or at private sale, must be confirmed by the court.” Wesley v. Brandon, 419 So.2d at 258 (quoting Copeland v. Giles, 271 Ala. 302, 304, 123 So.2d 147, 149 (1960)). See also Dixon v. Dixon, 485 So.2d 742 (Ala.Civ.App.1986).
The trial court has not confirmed the sale of the property to Lynn. Thus, under Alabama law, the sale of the property cannot be said to be final. We hold that Dodge can seek to redeem her property, given the absence of an order confirming the sale of the property. The judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ:, concur.

. "Sale” is defined as "[a]ny execution, judgment, or foreclosure sale, whether the sale is made under any power of sale in any mortgage or deed of trust or statutory power of sale, or by virtue of any judgment in any court of competent jurisdiction.” § 6-5-247, Ala.Code 1975.